David HOLTSCHNEIDER, Elizabeth Holtschneider Bexten, and Stephen Bexten, her husband, James Holtschneider and Christine Holtschneider Reichel, Respondents,

v.

Judith Holtschneider Luebbert STRATMAN and Joseph F. Luebbert, Appellants.

No. 44139.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 26, 1983.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 15, 1983.

Johnny K. Richardson, David Brydon, Hawkins, Brydon & Swearengen, Jefferson City, for appellants.

David A. Schwartze, Vienna, for respondents.

CRIST, Judge.

Appellant Judith Stratman's brothers and sisters (and brother-in-law) brought this action to cancel two deeds through which Judith and her now ex-husband (hereafter defendants) acquired plaintiffs' undivided interests in eighty acres of what used to be the family's two hundred acre farm in Osage County, Missouri. All plaintiffs except David Holtschneider, whose claim was held barred by the running of the period of limitations, prevailed on their claim that defendants fraudulently obtained the deeds through "misrepresentation and deceit . . . while defendants were in a confidential relationship with plaintiffs." David Holtschneider does not appeal from the judgment against him, so to that extent we affirm it. As for the remaining plaintiffs, we conclude the evidence does not show the confidential relationship pled, and fails to establish an essential element of fraud. The judgment for the remaining plaintiffs is reversed.

The eighty-acre tract for which the parties contend is one of three tracts that comprised the family farm. The parties originally acquired their interests in it when the Holtschneiders' parents were divorced in 1966. As part of their property settlement, the parents conveyed by quitclaim deed an equal undivided interest in the farm's entire two hundred acres to each of their six children—plaintiffs David, Elizabeth, James and Christine; defendant Judith; and George, who died intestate in 1970 at the age of twenty. By Fall of 1969,

defendants had married and with the family's approval had constructed a home on the eighty-acre parcel. Then the deeds appeared.

One of the deeds, styled a Guardian's Deed, was executed in October, 1972, by the Holtschneider children's mother. It was the culmination of guardianship proceedings initiated by mother late in 1968 through which she sought the power to convey to defendants at least some interest in the eighty-acre tract then held by her minor children, Christine and George. The deed, drawn by mother's attorney, describes the estate conveyed to defendants as Christine's "[o]ne fifth (⅕) [sic] interest in and to: Eighty acres north half northeast quarter of Section 16, Township 42, Range 9 west, Osage County, Missouri."

The other is a quitclaim deed to defendants executed by David, Elizabeth (and her husband) and James in May, 1972. The habendum clause describes the estate conveyed as all the grantors' interests in "Eighty (80) acres, the north half of the northeast quarter of Section 16, Township 42 north, Range 9 west."

The gist of the fraud alleged is this: Plaintiffs claim they acquiesced to Judith's insistence following her marriage that her home and her theretofore undivided interest in the eighty-acre tract be secured by deed. Hence the guardianship proceedings to conclude the minor children's interest therein. When the deeds were finally ready, Judith represented to her brothers and sisters and to her mother acting on Christine's behalf that the deeds conveyed to defendants only *Judith's* one-sixth interest in the eighty acres, when in fact the deeds conveyed the *grantors'* interests therein. And that in reliance on Judith's misrepresentations, her mother and siblings signed the deeds without reading them, thus conveying to defendants the entire eighty acres.

■ It is worth noting all plaintiffs and the mother conceded they would have known the effect of their deeds had they read them. (The basis for barring David's claim was his admission he read the quit-claim deed later the same day he signed it, and knew then it conveyed his interests in all eighty acres and not just in Judith's fourteen). And to be true to the record, we should also note that substantial other evidence contradicts plaintiffs' version of their transactions with defendants. No matter: We adhere to the rule that in bench-tried cases like this one where no findings of fact or conclusions of law are filed, we accept as true the evidence favorable to the prevailing party and disregard the contradictory evidence, *S.G. Adams Printing v. Central Hardware Co.,* 572 S.W.2d 625, 628 (Mo. App.1978). Yet, we conclude this judgment does not have sufficient support in the evidence.

'Comprehensively stated, the elements of actionable fraud consist of: (1) A representation. (2) Its falsity. (3) Its materiality. (4) The speaker's knowledge of its falsity or ignorance of its truth. (5) His intent that it should be acted on by the person and in the manner reasonably contemplated. (6) The hearer's ignorance of its falsity. (7) His reliance on its truth. (8) His right to rely thereon. (9) And his consequent and proximate injury.'

*Powers v. Shore,* 248 S.W.2d 1, 5 (Mo.banc 1952). In an action to cancel an instrument tainted by fraud, as in tort actions for fraud, "[t]wo of the essential elements of actionable fraud are reliance by the one claiming fraud on the truth of the representation and his right to rely thereon. [citation omitted] And each of the essential elements must be proved as a prerequisite to relief." *Hereford v. Unknown Heirs of Tholozan,* 315 S.W.2d 412, 421 (Mo.1958). We are drawn particularly to element (8), plaintiffs' right to rely on Judith's representations of the interests the deeds conveyed, for "[a] person is expected to learn what an instrument contains before he signs it, either by reading or having it read, or by having its contents stated by someone on whom he has a right to rely ...." *State ex rel. Union Pac. R. Co. v. Bland,* 23 S.W.2d 1029, 1033 (Mo.1929).

Plaintiffs claim of right to rely on Judith's representations rests on their assertion of a "confidential relationship" with defendants. Equity deems a confidential relationship to be the same as a fiduciary one, *Hedrick v. Hedrick,* 350 Mo. 716, 168 S.W.2d 69, 74 (1943), and defines the latter thus:

> 'It not only includes all legal relations, such as attorney and client, ... but it extends to every possible case in which a fiduciary relation exists in fact, and in which there is confidence reposed on one side and resulting domination and influence on the other.'

*Liddell v. Lee,* 159 S.W.2d 769, 772 (Mo. 1942). And see *Hedrick v. Hedrick,* 168 S.W.2d at 74: " 'The question in such case is always whether or not trust is reposed.' [authority omitted] In order for such a relation to exist 'there must be evidence of a special trust with respect to the property or business' [authority omitted]."

There is no evidence whatever that any of these plaintiffs or the mother entrusted anything connected with these conveyances to defendants, thereby becoming vulnerable to the overreaching equity will redress. Everything leading to mother's Guardian Deed was handled by her own attorney—including preparation of the deed itself, which should make one pause over mother's claim she signed it because Judith misled her. Similarly, defendants were not entrusted by plaintiffs to do anything leading up to the quitclaim deed, or to prepare the deed itself. Viewing the transactions as plaintiffs portrayed them both here and in the trial court, plaintiff's merely acquiesced when Judith pressed for a deed to her land, and signed the deed unread when Judith confronted them with it.

We conclude plaintiffs failed to establish a right to rely on Judith's presumably false representations of the interests the deeds conveyed. Plaintiffs therefore failed to prove the essential element of fraud that would both excuse their not reading the deeds and justify the deeds' cancellation. The judgment insofar as it is against plaintiff David Holtschneider is affirmed. In all other respects, the judgment is reversed.

Affirmed in part, reversed in part.

CRANDALL, P.J., and REINHARD, J., concur.