Jimmy Martin **HAMMOND**, Floyd County Attorney, Appellant,

v.

Dolores **SMITH**, Appellee.

No. 94–CA–1532–MR.

Court of Appeals of Kentucky.

Oct. 11, 1996.

Jimmy Martin Hammond, Floyd County Attorney, Prestonsburg, for appellant.

Timothy B. Matthews, Cincinnati, OH, for appellee.

Before COMBS, DYCHE and KNOPF, JJ.

*OPINION*

KNOPF, Judge:

Jimmy Martin Hammond, the Floyd County Attorney, appeals from the circuit court's order granting a declaratory judgment in favor of Dolores Smith. On appeal, Hammond does not argue about the merits of the court's ruling but contends that a declaratory judgment action was not a proper action before the court for several different reasons. We disagree with all these reasons, and affirm the circuit court.

Dolores Smith is a member of the Floyd County Development Authority (Authority) which promotes business and economic development in Floyd County. Smith is a also a shareholder, director, and officer of R & S Truck Body which does business in Floyd County.

In 1992, R & S Truck Body sought to relocate its manufacturing facility in Floyd County. The Authority considered locating, acquiring and/or developing the new site for R & S Truck Body. In order to avert any conflict of interest, Smith wrote a letter to the chairman of the Authority on June 16, 1992, which stated that she would not participate in any way with the Authority's activities relating to R & S Truck Body. This letter was in conformance with the Authority's conflict of interest policy which was drafted and proposed by Hammond.

Despite this letter and Smith's abstinence from participation with the Authority regarding R & S Truck Body, Hammond, as the legal advisor to the Authority, repeatedly requested Smith resign from the Authority. Also, Hammond, as the Floyd County Attorney, repeatedly threatened to criminally prosecute Smith for violating the Kentucky Constitution. Hammond stated that an official inquiry was being conducted that may be upgraded to a full-scale investigation.

In response to Hammond's continued public debate, investigation and threats, Smith filed a declaratory judgment action. After denying Hammond's motion to dismiss, the circuit court found that Smith "has fully complied with the Authority's conflict of interest policy by disclosing her interest in R & S Truck Body and by abstaining from all votes, hearings or discussions relating to R & S Truck Body." The court also held that Smith's membership on the Authority did "not create a disabling conflict of interest which violates Kentucky law."

In this appeal, Hammond claims that no justiciable controversy existed and that he was not a proper party to the action. These arguments are without merit. KRS 418.080 defines the purpose of the declaratory judgment:

> [The declaratory judgment statutes are] declared to be remedial; their purpose is to make courts more serviceable to the people by way of settling controversies, and affording relief from uncertainty and insecurity with respect to rights, duties and relations, and are to be liberally interpreted and administered.

Here, Smith thought she was taking the proper measures to avoid a conflict of interest. However, Hammond was publicly claiming that Smith was violating the law and that she was faced with criminal prosecution. To eliminate uncertainty and the risk of committing a wrong action, Smith filed the declaratory judgment action.

*McConnell v. Comm.*, Ky.App., 655 S.W.2d 43, 46 (1983), also involved a declaratory judgment action brought pursuant to KRS 418.020. The Court explained that a "justiciable controversy" arises when an advance determination would eliminate or minimize the risk of wrong action or mistakes by the parties. The Court further held:

"In this setting, despite the absence of designated antagonistic parties, the issue has an immediacy and a useful public purpose can be served by a judicial adjudication. [cite omitted]. The issue is an immediate, prominent, and non-academic concern to the public which the petitioning officials serve."

In order to continue serving Floyd County in its economic development with regard to R & S Truck Body, both Smith and the Authority needed to know if the action that had been taken was appropriate and sufficient to clear any conflict of interest. The debate about this issue was raised by Hammond and continued by Hammond. It was not a hypothetical set of circumstances, but real and immediate. The circuit court's order in the declaratory judgment action served an important public purpose for Floyd County.

Thus, in accordance with the declaratory judgment statutes and *McConnell,* we believe that this declaratory judgment action was entirely appropriate and brought against the proper party.

Hammond also argues that Smith has failed to join an indispensable party. However, no other party has raised a question with regard to the propriety of Smith's actions and no other party has taken any action or position adverse to Smith. Consequently, this argument must fail.

Finally, Hammond claims that the declaratory judgment impairs his ability to perform his duties as the prosecuting attorney. As Smith recognizes in her brief, however, the circuit court's order does not comment or suggest what Hammond can or cannot do as the prosecuting attorney. The order does not impede or prevent Hammond from fulfilling his duties as the prosecuting attorney.

For these reasons, we affirm the Floyd Circuit Court.

All concur.