**James V. DOWNS, Claimant, Appellant,**

v.

**A. C. F. INDUSTRIES, INCORPORATED, Employer, Respondent.**

**No. 33500.**

St. Louis Court of Appeals, Missouri.

Oct. 27, 1970.

Rehearing Denied Nov. 30, 1970.

Sumner, Hanlon & Sumner, Donald R. Carmody, Clayton, for appellant.

Gentry, Bryant & Hereford, Stephen M. Hereford, St. Louis, for respondent.

WOLFE, Presiding Judge.

This is a Workmen's Compensation proceeding. It resulted in an award to the employee after a hearing before a referee of the Workmen's Compensation Division. Upon review by the Industrial Commission the award of the referee was affirmed. The employer then appealed to the Circuit Court where the award of the Industrial Commission was reversed and the employee has appealed to this Court from the judgment of the Circuit Court reversing the award of the Industrial Commission.

The claim asserted was for disability arising from an accident which "ruptured an intervertebral disc." The employer denied that the employee sustained any accidental injury arising out of or in the course of his employment and further denied that he sustained any disability from the alleged accident.

The claimant testified that as an employee of A.C.F. Industries he was engaged in affixing "center seals" to box cars. These were iron plates. He stated that as he was standing on a pile of center seal plates and climbing up to install one, his foot slipped and caused him to fall on the plates and injure his back. This occurred on January 21, 1966. He reported to the company nurse and was given some liniment and pain pills. He said that the pain did not subside and he was taken to St. Anthony's Hospital for x-rays. He was thereafter referred to Dr. Fink, the company physician. He later spent three to four weeks in St. Anthony's Hospital and was operated on for a ruptured intervertebral disc. The employee had prior claims for back injuries arising out of his employment with other employers. He said that up to the time of the alleged injury here considered his back had not bothered him for three or four years. At the time of the hearing the claimant was working as a school custodian where he was not required to do any heavy lifting as he had done while working with A.C.F. Industries.

The employer introduced a letter from claimant to a former employer in which he stated that he had been rejected for service in the army in 1943 because he had a weak back and a doctor told him he had a twisted back. He injured his back as a boy while unloading a truck. He had a back injury in 1946. He had another back injury while working for St. Joseph Lead Company in 1952 for which he was paid compensation. His back continued to hurt until 1958 and his condition was diagnosed by two physicians as a probable herniated intervertebral disc according to their reports to his counsel then representing him. These were introduced in evidence. While still working for St. Joseph Lead Company he filed another claim for a back injury that was alleged to have occurred on July 13, 1961. Settlement was made upon that claim. The claimant testified that he had been told by a physician prior to the present claim that he should submit to a myelogram but he said he did not want anyone fooling around with his back.

Except for his own testimony, the only evidence offered by the claimant was the

testimony of a Dr. Morgan. Dr. Morgan had not treated the claimant but he examined him in 1967. He stated that the claimant told him he hurt his back when lifting the iron piece in 1966 while working for A.C.F. Industries, his subsequent hospitalization and his operation. On direct examination the doctor stated that, based upon the physical findings and an x-ray, it was his opinion that claimant had a 25% to 28% permanent partial disability. The doctor was asked a hypothetical question which required him to assume that the accident occurred and that the claimant suffered the pain he described and went through the subsequent operation and the claimant had no back trouble for three years prior to the incident. The question put to him was whether he could state with a reasonable degree of medical certainty that the injury was caused by the accident. He stated that he could state that the accident caused the ruptured disc.

Upon cross examination the doctor stated that the claimant told him that he had never had a back injury prior to January 21, 1966, the date of the alleged accident here considered. When the prior injuries were related in a hypothetical question and the prior diagnoses of the probable ruptured disc were related to the witness, he was asked if he could state with any degree of certainty when the man first had a herniated disc. The witness replied, "I don't think it would be possible to state with certainty."

The referee found the claimant sustained a 25% permanent partial disability and further found that on September 4, 1962, in accordance with the settlement approved by the Division of Workmen's Compensation the employee was paid $2,000 which represented 12½% permanent partial disability as a result of an injury to his back. Upon these findings he made an award of 12½% permanent partial disability for the accident of January 21, 1966. The Commission affirmed the award. As stated, upon appeal the Circuit Court found that there was not sufficient evidence to support the award

and reversed the Commission directing that judgment be entered for the employer.

The Circuit Judge in passing upon the appeal, filed a memorandum opinion which in part states:

"At the time the medical expert, Dr. Morgan, testified that in his opinion the claimant sustained a disability of 25 to 28 percent of a man as a whole, he did not have before him all of the pertinent facts and his estimate under the circumstances could only have been based on speculation and conjecture.

"In the cross examination of Dr. Morgan, when additional proven hypothetical facts were asked, the doctor stated: 'With the neurological examinations which you have outlined, I don't think it would be possible to state with certainty.'

"The additional hypotheses put to the witness were justified by the uncontradicted testimony and exhibits found in the record. The effect of the additional information supplied to the doctor in cross examination completely neutralized the previous opinion of Dr. Morgan that the claimant sustained a disability of 25 to 28 percent of a man as a whole.

"Inasmuch as this Court cannot accept the testimony of Dr. Morgan under the circumstances we are left only with the testimony of the claimant himself. Applying the constitutional test of 'competent and substantial evidence upon the whole record' (Art. V, Sec. 22 VAMS), this Court finds that the Award of the Commission was not supported by such competent and substantial evidence. In the words of the Compensation Act 'there was not sufficient competent evidence in the record to warrant the making of the award' (Sec. 284.490 R.S.Mo.1959 VAMS) (Starcke v. Krey Packing Co. [Mo.App.], 426 S.W.2d 692)."

We are urged by claimant to consider the claimant's own testimony as sufficient evidence of the causation of the injury that he asserts. We stated in Nick v. In-

**296**

ternational Shoe Co., Mo.App., 200 S.W.2d 590, 1. c. 593: "* * * An examination of the cases discloses that sometimes an injury may be of such a nature that expert opinion is essential to show that it was caused by the accident to which it is ascribed. * * *." This has been applied to an injury to the eye, Coleman v. Brown Strauss Corporation, Mo.App., 210 S.W.2d 537, 1. c. 543. It has been applied to an onset of appendicitis following trauma in Rexroad v. Schultz Folding Box Co., Mo. App., 261 S.W.2d 493, 1. c. 496. We also held in Starcke v. Krey Packing Company, Mo.App., 426 S.W.2d 692, that the rule applied to fractured vertebrae. When dealing, as we are here, with the subject of a herniated disc, its diagnosis, its causation and cure, we are in the realm of highly scientific techniques where expert opinion is essential. Since the doctor nullified his own previous statements, upon cross examination, we have no expert opinion here.

For the reasons stated the judgment of the Circuit Court reversing the award of the Missouri Industrial Commision is affirmed.

BRADY and DOWD, JJ., concur.