Gloria L. **MILLER**, Plaintiff-Appellant,

v.

Michael G. **WEBER**,
Defendant-Respondent.

No. 48068.

Missouri Court of Appeals,
Eastern District,
Division Five.

March 26, 1985.

James S. Collins, St. Louis, for plaintiff-appellant.

Mary Virginia Schmidtlein, St. Louis, for defendant-respondent.

CHANNING D. BLAEUER, Special Judge.

Plaintiff brought this action for personal injuries sustained in an auto accident, seeking damages in the amount of $140,000. The evidence adduced at trial showed that on July 5, 1980, the automobile plaintiff was driving was struck by one driven by defendant, after defendant failed to obey a stop sign.

The jury found for plaintiff on the issue of liability and assessed damages at $30,-000, reduced by $2,175.73 by the trial court to $27,824.77 for advance payments. From this judgment in her favor, plaintiff appeals. We affirm.

Plaintiff, in her two points relied on, assigns as error the admission over objection of certain testimony of defendant's examining physician. As the jury returned a verdict in plaintiff's favor on both issues of liability and damages, we surmise that the gist of plaintiff's complaint is inadequacy of the damage award.

Defendant urges that we not reach the merits of plaintiff's appeal, as the issue of inadequacy of the verdict was not mentioned in plaintiff's brief. Defendant argues that *Miller v. Haynes*, 454 S.W.2d 293 (Mo.App.1970), which requires a defendant to raise the excessiveness of the verdict, as a prerequisite to appellate review of matters of evidence which are relevant to the issue of damages, likewise requires that a party who is awarded damages at trial raise the inadequacy of the verdict in a separate point, as a prerequisite to review of evidentiary matters related to damages. This argument was squarely met by this Court in *State ex rel. State Highway Commission v. Gravois Farmers Club*, 483 S.W.2d 786 (Mo.App.1972), wherein we held that review of the adequacy of the verdict does not have to be raised in a separate point relied on before an appellate court will review evidentiary matters related to damages.

Hence, we turn to the merits of plaintiff's assignments of error.

At trial, defendant called a medical expert witness who had examined plaintiff, and whose testimony was in part as follows:

Q. All right. Doctor, *I want to ask you something not particularly about this case.* [Emphasis added.] Have you treated many people for neck injuries in the course of the years?

A. Yes.

Q. And, assume that a person has their neck injured in an auto accident and that even the first x-ray taken shortly afterward and all repeat x-rays taken after that are perfectly normal for the cervical spine showing even in the beginning no loss of lordotic curve; assume that the person is subjected to a cervical myelo-

gram which is reported as a normal cervical myelogram and to an EMG which is reported as a normal EMG. Assume that the injury is diagnosed as cervical strain or soft tissue injury. Are you familiar with that type of injury?

A. Yes.

Q. Now, in your practice and in your familiarity with that type of injury generally how long would a person be off work following that type of injury if the work involves lifting we'll say or even overhead lifting?

Mr. Collins: I object to that as being speculative, Your Honor.

Mr. Evans: He can be ...

The Court: Overruled ...

Q. (by Mr. Evans) How long in your judgment would that type of injury result in being off work?

Mr. Collins: Further I would object there is no foundation laid for this question as relates to this plaintiff. He's talking about other people that the doctor treated which is completely irrelevant to this plaintiff and for him to make a conclusion it invades the province of the jury.

The Court: Overruled.

The witness then answered with an opinion to the effect that the person to whom the hypothetical question applied would be off work a period of time which was considerably shorter than that which plaintiff remained off work. Thus, plaintiff's assignment of error which we infer to be inadequacy of damage award stems from the trial court's overruling of the objection to the admission of this testimony.

Plaintiff asserts in her brief that the trial court erred as a result of "defendant's examining doctor being permitted to answer questions which defendant's attorney advised were 'something not particularly about this case,'" thereby injecting "highly prejudicial evidence into the case based upon irrelevant facts which were not in evidence." We disagree.

First, plaintiff's use of defendant's attorney's phraseology asking for "something not particularly about this case" is taken out of context. A review of the portion of the transcript quoted above shows that the question by defendant's counsel from which plaintiff drew the quoted phrase was posed to establish the witness' expertise and familiarity with the type of injury sustained by plaintiff. The question containing the objected-to language, "I want to ask you something not particularly about this case" is simply preamble to the subsequent hypothetical question, and did not introduce any irrelevant facts into the case.

■ Where, as here, an expert witness is called upon to express an opinion based on facts of which he has no firsthand knowledge, he must be asked by use of a hypothetical question to assume those facts. *Harp v. Illinois Central Railroad Co.*, 370 S.W.2d 387 (Mo.1963). The facts hypothesized in such a question must be supported by competent evidence. *Id.* at 391.

■ Whether defendant's hypothetical question was supported by evidence is not disputed, and if it was, plaintiff has failed to provide us with a transcript of plaintiff's medical testimony with which to make that determination. We find that the use of the phrase, "I want to ask you something not particularly about this case," in the first question used in connection with qualifying the expert, did not carry the contamination of "irrelevant facts" into the next series of questions and their answers, and that the trial court committed no error in overruling plaintiff's objection.

■ Plaintiff also assigns as error that defendant elicited opinion testimony from his medical expert which was not explicitly stated as being based upon a reasonable degree of medical certainty. Plaintiff cites us to no authority which mandates the use of these verbal passwords in a question propounded to an expert witness. The trial court is vested with substantial discretion in the admission of expert testimony. *Ponciroli v. Wyrick*, 573 S.W.2d 731 (Mo.App.1978). Moreover, the record discloses that plaintiff conducted a long and searching cross-examination of defendant's medical expert, and had every opportunity to inquire whether the expert's

**392**

opinion was based upon reasonable medical certainty. The trial court did not abuse its discretion.

The evidence in question going to the issue of damages was properly admitted by the trial court, and the jury responded with a verdict in favor of plaintiff in the amount of $30,000. We have no reason to disturb the jury's resolution of that issue.

The judgment is affirmed.

CRANDALL, P.J., and JEAN C. HAMILTON, Special Judge, concur.