James W. **WRIGHT**, Appellant,

v.

**SPORTS ASSOCIATED, INC., Respondent.**

No. 76758.

Supreme Court of Missouri, En banc.

Nov. 22, 1994.

As Modified on Denial of Rehearing Dec. 20, 1994.

Steven C. Effertz, Independence, for appellant.

Maureen T. Shine, Kansas City, for respondent.

HOLSTEIN, Judge.

Appellant James W. Wright filed a workers' compensation claim. After an adverse decision by the administrative law judge was adopted by the Labor and Industrial Relations Commission, Wright appealed. § 287.495.[1] Following opinion by the Missouri Court of Appeals, Western District, transfer was granted here. Rule 83.03. Reversed and remanded.

### I.

■ A preliminary issue has to do with the jurisdiction of the administrative law judge. Claimant asserts that the commission had no authority to adopt the findings of the administrative law judge because, as conceded by all parties on appeal, she had not been administered the oath required by § 287.600 and, thus, had no jurisdiction to conduct the hearing. It is further conceded that the administrative law judge in this case was, at minimum, a "de facto judge" acting under color of right. A claimant's failure to timely object to a de facto judge's conduct of the hearing waives any defect regarding the procedural niceties of her appointment. *Brinkerhoff–Faris Trust & Savings Co. v. Gaskill*, 356 Mo. 61, 201 S.W.2d 274, 276–77 (1947); *State v. Householder*, 637 S.W.2d 324, 327 (Mo.App.1982).

■ Claimant asserts he made a timely complaint prior to entry of the award. The employer replies that no complaint was made until after claimant was advised of an adverse ruling. Both assertions are without reference to the record. As to contested issues, this Court is confined to the record certified by the commission. *Causey v. McCord*, 763 S.W.2d 155, 156 (Mo.App.1988); § 287.495.1. The record discloses no objection to the administrative law judge's authority prior to entry of the administrative law judge's adverse decision. An objection of this kind made for the first time after an adverse decision comes too late and is denied.

### II.

■ The dispositive issues here relate to whether there was sufficient competent evidence to support the decision of the commission. The entire record is reviewed, including legitimate inferences drawn therefrom, in a light most favorable to the commission decision. *Ricks v. H.K. Porter, Inc.*, 439 S.W.2d 164, 167 (Mo.1969); *Gudde v. Heiman Grain, Inc.*, 830 S.W.2d 574, 576 (Mo. App.1992); § 287.495.

Wright was a truck driver for respondent Sports Associated, Inc. On November 27, 1990, while operating his truck in the course of employment with appellant, he ran out of fuel near Portland, Oregon. He walked approximately 1.5 miles to a gas station, bought

---

1. All references to statutes are to RSMo 1986 unless otherwise specified.

a five gallon can of fuel weighing about fifty pounds. He then carried it back the same distance to the truck. At about 2:00 a.m. the next morning, he experienced pain and discomfort in breathing similar to being "kicked in the ribs," although he had no neck pain. He reported the discomfort to respondent's dispatcher but continued his trip, returning to Missouri the first week in December, 1990. Wright saw Dr. Amick on December 6, 1990, and told him of the incident in Portland, complaining of a tingling in his left arm, chest pains, right side back pain and rib pain. There were no complaints of neck pain. Dr. Amick's records of that visit are silent as to defendant's assertion that he complained of the tingling in his left arm.

On December 18, 1990, claimant Wright was given a stress test apparently related to the chest pain. He was seen again by Dr. Amick on December 19, but made no complaint of neck or arm pain. Medical records of a January 29, 1991, doctor's visit reflect complaints of left shoulder, arm and hand numbness, and tingling dating to December of 1990. The numbness and other symptoms became more pronounced through April of 1991, when a myelogram was performed. That test revealed a herniated disc in Wright's neck. The physician who made the diagnosis, Dr. Ketcherside, recommended surgery. Dr. Ketcherside's report concludes that "within a reasonable degree of medical certainty," the injury to Wright's neck was the result of carrying the fuel can for a mile and a half. Wright did not work after April 10, 1991.

Wright was later seen by the employer's physician, Dr. Whittaker, on November 13, 1991. Dr. Whittaker's comments regarding the history included the following: "The history here as to causation of this man's left scapular and left upper extremity symptoms is very vague. I cannot really connect it to any one incident, but the patient claims it started on the job." The employer denied the claim and no surgery was performed.

Wright sought an award for workers' compensation alleging that he had sustained a job-related accident resulting in a herniated disc in his neck. The administrative law judge found that Wright's evidence of the

medical cause of his condition was uncontradicted. Nevertheless, the administrative law judge rejected that evidence "based on knowledge and experience ... gained as an administrative law judge ... that an individual who suffers a herniated disc in his neck as a result of a traumatic event will have immediate, noticeable symptoms ... in the upper extremities or the neck area." Although the administrative law judge claims to find support for this conclusion in Dr. Whittaker's report, that report contains no such statement. The issue presented here is whether the finding of an absence of causation is based on "sufficient competent evidence." § 287.495.1.

■ A preliminary question exists as to whether Dr. Whittaker's report contradicts the conclusion of causation by Dr. Ketcherside. The administrative law judge's findings, adopted by the commission, assert that Dr. Ketcherside's conclusion is uncontradicted. That finding, if supported by competent and substantial evidence, is binding here. *Smart v. Chrysler Motors Corp.*, 851 S.W.2d 62, 65 (Mo.App.1993).

■ Dr. Whittaker's report does not contradict Dr. Ketcherside's conclusion. A careful reading of Dr. Whittaker's report makes no reference to the November 27, 1990, incident, makes a reference to a December 11, 1990, "minor injury," and concludes that because of the vague history, Dr. Whittaker cannot connect the injury to one incident. This opinion is, in effect, no opinion on medical causation. Indeed, Dr. Whittaker's opinion does not seem to hypothesize the history found to exist by the administrative law judge regarding the incident of carrying the fuel can and the severe discomfort that followed. The finding that Dr. Ketcherside's opinion was uncontradicted is supported by sufficient competent evidence and must be accepted on appeal.

■ Having concluded that Dr. Ketcherside's opinion is uncontradicted, the question becomes whether the rejection of that evidence based *solely* on knowledge and experience of the administrative law judge on the question of medical causation of injuries to the cervical spine may serve as a proper

basis for rejecting such evidence. As a general rule, courts defer to the findings on technical matters within the expertise of administrative agencies. *Hornsby v. Director of Revenue*, 865 S.W.2d 662, 663 (Mo. banc 1993). Here the administrative law judge relied on that rule and on two cases: *Ford v. Bi–State Development Agency*, 677 S.W.2d 899 (Mo.App.1984), and *Smith v. Terminal Transfer Co.*, 372 S.W.2d 659 (Mo.App.1963). Those two cases state that medical testimony is not required to establish cause and disability where such matters are within the understanding of lay persons. *Ford*, 677 S.W.2d at 904; *Smith*, 372 S.W.2d at 665. The *Smith* and *Ford* cases, like this case, involved a herniated disc, the main difference being the injury was to the lumbar spine. However, in neither case did the commission reject uncontradicted medical testimony. The physician in *Smith* was only able to testify that the accident "could have caused the condition" in the claimant's back. That testimony, coupled with the testimony of the employee and the expertise accorded the commission, was held sufficient to support an award. 372 S.W.2d at 669. In *Ford*, emergency room records indicated the claimant had a possible herniated disc which, with other uncontradicted nonmedical testimony, was held sufficient evidence of causation to support the claim. 677 S.W.2d at 904. Cautious or indefinite expert testimony on medical causation combined with lay testimony can provide sufficient competent evidence to support causation of injury. *Johnson v. City of Duenweg Fire Dept.*, 735 S.W.2d 364, 367 (Mo. banc 1987).

Both *Smith* and *Ford* cite Larson, *The Law of Workers' Compensation*, which provides, at § 79:

> In line with the general tendency of administrative law to recognize the expertise of specialized tribunals, compensation boards may rely to a considerable extent on their own knowledge and experience in uncomplicated medical matters, and in such cases awards may be upheld without medical testimony or even in defiance of the only medical testimony.

▮▮▮ Medical causation of a herniated disc of the spine cannot be considered uncomplicated. The commission may not substitute an administrative law judge's personal opinion on the question of medical causation of a herniated disc for the uncontradicted testimony of a qualified medical expert. *Merriman v. Ben Gutman Truck Service, Inc.*, 392 S.W.2d 292, 297 (Mo.1965). Of course, it is possible that the existence or absence of injury and causation are so obvious from the physical facts that one of ordinary understanding may reject even unchallenged medical expert testimony to the contrary. In addition, an administrative law judge may have the expertise to know that a herniated disc may result from a cause other than trauma. However, the specific medical conclusion that a herniated disc in the neck due to trauma will always have immediate noticeable symptoms is not clear, simple or well recognized by lay persons and is not a matter within the expertise of an administrative law judge.

### III.

▮▮▮ Once it is determined that the commission's decision, as a matter of law, is not supported by sufficient competent evidence, an appellate court has discretion to modify, reverse or remand for rehearing, or set aside the commission's decision. § 287.495.1. Generally, when there is no sufficient competent evidence to support a particular finding, the appellate court reverses the commission's finding and remands the case for entry of an appropriate decision consistent with the evidence. *Hall v. Wagner Division—McGraw–Edison*, 782 S.W.2d 441 (Mo.App.1989); *Starcke v. Krey Packing Co.*, 426 S.W.2d 692 (Mo.App.1968). In limited cases where the injury or ailment and the medical testimony appear to be in an "unusual and rather obscure field where the parties did not have the opportunity to fully develop the evidence," the case will be remanded so that additional evidence may be produced on an issue if it is available. *Marcus v. Steel Constructors, Inc.*, 434 S.W.2d 475, 481 (Mo. 1968). Here it appears both the employer and the employee had a full opportunity to develop and present such evidence as was available regarding medical causation of claimant's condition. There is nothing unusual or obscure about cervical spine injury.

No additional hearing on causation is required.

The decision is reversed and the case remanded to the commission for entry of proper findings on causation of claimant's injury consistent with the uncontradicted evidence and this opinion. Other unresolved issues are for determination by the commission.

All concur.