Gary F. EUBANKS,
Employee/Respondent,

v.

POINDEXTER MECHANICAL
PLUMBING & HEATING,
Employer/Appellant,

and

Ohio Casualty Insurance
Company, Insurer.

No. 19503.

Missouri Court of Appeals,
Southern District,
Division Two.

May 3, 1995.

Motion for Rehearing and Transfer to
Supreme Court Denied May 25, 1995.

Application to Transfer Denied
July 25, 1995.

Patrick J. Platter, Daniel, Clampett, Lilley, Dalton, Powell & Cunningham, Springfield, for employer/appellant.

Paul F. Reichert, Springfield, for employee/respondent.

CHARLES B. BLACKMAR, Senior Judge.

Gary Eubanks was a plumber employed by Poindexter Mechanical Plumbing & Heating. The Labor and Industrial Relations Commission entered a temporary award finding that he suffered a work-related injury resulting in a herniated lumbosacral disc. The employer appeals, contending that "there is no substantial evidence to support the finding that the employee's injuries were work related...." Appeals from the Commission normally lie only from final awards, but appellate courts have allowed limited review of temporary awards when the appellant contends that the claimant is not entitled to any award at all. *Hillenburg v. Lester E. Cox Medical Center*, 879 S.W.2d 652, 656 (Mo.App.S.D.1994); *Woodburn v. May Distributing Co., Inc.*, 815 S.W.2d 477, 481 (Mo.App.S.D.1991). We state the facts that the Commission could have found in support of its award.

On Monday, January 18, 1993, Eubanks was carrying a tub and shower unit into a house under construction. Debris was in the yard and snow was on the ground. He recalled slipping on a board in front of the garage. He felt a small strain in his back, but reported no injury. He woke up "sore" and "tender" on Tuesday morning, but went to work. He required his wife's assistance in putting his trousers on on Wednesday but was able to work, although it was difficult for him to stand straight up. He had similar problems on Thursday. During the weekend he lay on a heating pad and watched TV. On Monday, January 25 he "froze up" and was taken to the emergency room. He told a doctor in the emergency room that he did not know how he had hurt his back, and said that he had been doing heavy lifting. A CT scan on January 29 indicated a herniated disc, which was relieved by surgery.

The Administrative Law Judge found that Eubanks "sustained an accident arising out of and in the course of his employment." The judge placed particular reliance on the testimony of Eubanks, of his wife, and of Tom Moeller, a fellow employee, and on the emergency room records at Springfield Community Hospital. Because of the employer's objections to certain evidence, discussed below, the judge entered an alternate finding based on the "employee's testimony, his credibility and demeanor at the trial, and the

emergency room records...." The judge's report concluded as follows:

> "Based on the Court's experience in dealing with minor injuries that slowly progress from no complaints to significant complaints, which is consistent with the emergency room records and the employee's testimony and the [lay] testimony ... establish that the incident in question caused employee's herniated disc...."

The employer first argues that a question and answer sheet completed by Dr. Thomas A. Hare, Eubanks' regular physician, and a report by Dr. Robert Elworth, the emergency room physician, constituted inadmissible hearsay and were improperly received in evidence and, alternatively, that the documents were inadmissible because they had not been furnished to the employer seven days before the hearing as required by § 287.210.3, RSMo.1994. Recognizing the limited scope of the issues which may be considered on this appeal from a temporary award, the employer argues that, without the medical reports, the Commission's award is not supported by competent and substantial evidence. We find it unnecessary to consider either the point of appealability or the merit of the objection, because the Administrative Law Judge found that the challenged evidence was not essential to his finding. We assume that the Commission may rely only on legally admissible evidence even in making a temporary award, even though the Administrative Law Judge seemed to think that the Commission had some discretion in the reception of evidence.

Although the Commission has discretion to reject medical reports which are not furnished in compliance with the seven-day rule, *Springett v. St. Louis Independent Packing Company,* 431 S.W.2d 698, 703–04 (Mo.App. 1968), it apparently is not required to do so. The remedy indicated in the statute is continuance, and none was sought. *Cf. Ford v. Bi-State Development Agency,* 677 S.W.2d 899, 903 (Mo.App.E.D.1984). If the challenged evidence were essential to a finding, but inadmissible because hearsay, a remand to give the claimant the opportunity to put the evidence in admissible form would be appropriate, especially when the Commission has ad-

mitted the evidence and it provides expert opinion supportive of the award. Had the Commission rejected the evidence, the claimant might have been able to cure the perceived problem. We conclude, however, that the alternate finding of the Administrative Law Judge is supported by competent, substantial and unchallenged evidence in the record, so that no remand is necessary.

■ The employer argues that, under the circumstances of this case, expert testimony is necessary to establish a causal connection between Eubanks' employment and the herniated disc. It points to Eubanks' history of back complaints dating back to 1983, to his failure to report an accident on January 18, 1993, and to his uncertainty during the ensuing week and at the emergency room as to the cause of his back problems, as casting doubt on the Commission's finding of causation, and argues that these uncertainties require resolution by expert testimony.

Eubanks would invoke the "sudden onset" doctrine, in which lay testimony has been held sufficient to permit a finding of causal relationship between an accident and a medical condition. In *Smith v. Terminal Transfer Company,* 372 S.W.2d 659 (Mo.App.1963), an employee slipped on sugar which had spilled out of a sack while he was unloading cargo, and "twisted and fell." He felt immediate pain which continued during the ensuing week, although he worked some of the time. He was then diagnosed as having a herniated disc. The reviewing court held that his report of the incident supported a finding of accident, even though the medical expert said no more than that a causal relationship was possible. Also holding that lay testimony may support a finding of causation are *Fogelsong v. Banquet Foods Corporation,* 526 S.W.2d 886 (Mo.App.1975), dealing with conditions which became manifest after an accident but which might not be the necessary result of the accident; and *Ford v. Bi-State Development Agency, supra,* another "disc" case, in which the improper admission of a deposition was found to be harmless because lay testimony supported the result reached.

The employer cites numerous cases. In *Downs v. A.C.F. Industries Incorporated,*

460 S.W.2d 293, 295 (Mo.App.1970) the claimant's medical witness, when confronted with his prior history, stated that it would not be possible to state with certainty when the claimant sustained a herniated disc. In *Welker v. MFA Central Co–Operative,* 380 S.W.2d 481 (Mo.App.1964), the employee had suffered an intervening incident which was not compensable under the law then prevailing, being prior to the decision of the Supreme Court in *Wolfgeher v. Wagner Cartage Service, Inc.,* 646 S.W.2d 781 (Mo. banc 1983), and his evidence failed to demonstrate with reasonable medical certainty that the earlier accident was a more likely cause then the later one. In *Starcke v. Krey Packing Company,* 426 S.W.2d 692 (Mo.App.1968), the medical witness's testimony was completely neutralized when he said on cross examination that the claimant's problems could be attributed to a long existent arthritic condition. *Duncan v. A.P. Green Refractories Company,* 522 S.W.2d 639 (Mo.App. 1975) has superficial similarities, but there the grievant continued to work for several weeks after the claimed injury, made no claim of injury when leaving work because of back pain, and made visits to physicians in the interim without mentioning the injury. After surgery had been performed he requested that the records be changed to show that his pain began after heavy lifting. *Griggs v. A.B. Chance Company,* 503 S.W.2d 697 (Mo.App.1973), affirmed an award for temporary partial disability but reversed a finding of permanent disability. *Carmack v. Bi–State Development Agency,* 731 S.W.2d 518 (Mo.App.E.D.1987) was a damage suit rather than a compensation case. The court of appeals affirmed a directed verdict, pointing out the plaintiff's substantial delay in attributing her problems to a sudden stop by a bus.

Here the onset was not so dramatic as in *Smith,* but the record shows a steady progression of symptoms over a period of one week, resulting in hospitalization and surgery. The prior medical history is not nearly so substantial as in *Downs* and *Starcke,* in each of which physicians had testified to medical problems definitively diagnosed prior to the alleged injuries and could not say that there was any more than a possibility that

the injury had caused the back problem. This claimant's medical history shows eleven complaints about back pain to Dr. Hare, his regular physician, going back to 1983. The doctor's records show that pain medication was provided in each instance. Only two of the incidents occurred during the same month. The claimant testified that the symptoms reported to Dr. Hare in the past abated within a few days, and bore no resemblance to the progression of symptoms he noticed after January 18, 1993. He first assumed that his most recent problems would subside with rest and pain medicine, but there was a steady progression of increasingly severe and disabling pain. If his prior back problems indicated an underlying weakness, compensation is nonetheless in order for a condition distinctly different from anything that has appeared previously. *Fogelsong,* 526 S.W.2d at 891. The claimant's delay of several days in reporting the incident and in attributing his problems to the accident present questions of credibility, which the Administrative Law Judge resolved in his favor. Bearing in mind the deference due the Commission, we cannot say that the temporary award is so lacking in evidentiary support as to warrant setting it aside. We believe that the case is more like *Smith* than it is like the cases relied on by the employer. *See also Smith v. American Car & Foundry Div.,* 368 S.W.2d 515 (Mo. App.1963), and other cases cited in *Smith,* 372 S.W.2d at 665.

■ The employer calls our attention to the opinion of the Supreme Court in *Wright v. Sports Associated, Inc.,* 887 S.W.2d 596 (Mo. banc 1994). There an administrative law judge rejected expert testimony as to the cause of an injury, observing that:

> "based on knowledge and experience . . . gained as an administrative law judge . . . that an individual who suffers a herniated disc in his neck as a result of a traumatic event will have immediate, noticeable symptoms . . . in the upper extremities or the neck area."

*Id.* at 599.

The Court reversed the denial of compensation, finding that the judge had improperly

constituted herself an expert witness. The employer argues that the present Administrative Law Judge similarly erred in drawing upon "the Court's experience in dealing with minor injuries...." Any similarity is only superficial. In *Wright* the Administrative Law Judge drew on her own experience regarding symptoms of neck injuries in explanation of her rejection of the only expert testimony on the issue of causation. The present judge's comments simply demonstrate the thinking process of a lay person in considering the evidence rather than an attempt to give an expert opinion. There is some suggestion in the case law that the Commission possesses a degree of expertise as to industrial accidents, but we need not pursue the subject further. An award otherwise supported by substantial evidence should not be set aside simply because of such random comments.

The temporary award is affirmed.

PREWITT and PARRISH, JJ., concur.