**Scott BRASWELL, Plaintiff/Appellant,**

v.

**Michael CHEHVAL, M.D., et al., Defendants/Respondents.**

No. 70065.

Missouri Court of Appeals, Eastern District, Division Two.

Oct. 29, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 17, 1996.

Mark I. Bronson, Newman & Bronson, St. Louis, for plaintiff/appellant.

Kevin F. O'Malley, Debra Stachowski Pierce, Stokes & O'Malley, P.C., Clayton, for Michael J. Chehval, M.D.

Gary P. Paul, Brinker, Doyen & Kovacs, P.C., Clayton, for St. John's Mercy Medical Center.

PUDLOWSKI, Judge.

Scott Braswell (Patient) appeals the decision of the St. Louis County Circuit Court sustaining Michael Chehval, M.D. (Doctor) and St. John's Mercy Medical Center's (Hospital) motions to dismiss. Doctor and Hospital's motions were granted based on a violation of the statute of limitations. We affirm.

Patient sought care and treatment from Doctor for distal shaft hypospadias[1]. On 6 June 1990, Patient underwent surgery at Hospital to repair the hypospadia and was

---

1. Hypospadias is an "abnormal congenital opening of the male urethra upon the undersurface of the penis." Taber's Cyclopedic Medical Dictionary, page 698 (1981).

subsequently diagnosed as suffering from hypospadias with urethrocuteneous fistula. Additional procedures were performed by Doctor on Patient at Hospital on 21 November 1990, 27 March 1991 and 31 July 1992. Patient remained under Doctor's continuous care for these conditions through 23 September 1992.

Patient alleged that Doctor and Hospital were negligent in their care and treatment of him by failing to provide necessary post-operative care, failing to perform surgery properly, performing unnecessary surgery, providing negligent care and treatment, and failing to adequately disclose the risks of treatment. He further claimed that as a result of Doctor and Hospital's negligence, he will be required to seek further care.

Patient was twenty years and six months old at the time he initiated this suit on 29 November 1995. Doctor and Hospital filed motions to dismiss based on Patient's failure to file within the statute of limitations. Patient claims that his cause of action was tolled until he reached twenty-one years pursuant to § 516.170 RSMo 1994[2]. The trial court granted Doctor and Hospital's motions to dismiss. Patient appeals this ruling.

■ In a motion for dismissal, we must affirm the motion if it can be sustained on any ground regardless of whether the circuit court relied on that ground. *Keys v. Nigro*, 913 S.W.2d 947, 951 (Mo.App. W.D.1996). "If it clearly appears from the petition that the cause of action is barred by limitations, a motion to dismiss is properly sustained." *Hall v. Smith*, 355 S.W.2d 52, 55 (Mo.1962).

■ Patient claims that he filed within the statute of limitations in that § 516.170 allows actions for minors to be tolled until they reach the age of twenty-one and his age on the date the petition was filed was twenty years and six months. His reliance on § 516.170 is misplaced because Patient's claim is against his health care providers which is governed by § 516.105. Section 516.170 specifically excludes any action brought under § 516.105. Accordingly, the tolling provision of § 516.170 does not apply to actions within § 516.105.

■ Actions under § 516.105 are barred if not brought within two years from the negligent act "except that a minor under the full age of ten years shall have until his twelfth birthday ..." § 516.105. Because the statutory limitation period of § 516.105 violates minors'[3] right of access to the court system by making them dependant on others for the assertion of their claims, the Supreme Court has ruled that a minor's cause of action must be tolled until she reaches the age of majority at which time she can bring the action on her own behalf. *Strahler v. St. Luke's Hospital*, 706 S.W.2d 7, 12 (Mo. banc 1986). Once an individual reaches the age of majority, the tolling of the statute ends.

Patient argues that because the medical negligence occurred while he was a minor the tolling of § 516.105 should be the same as that which occurs under § 516.170. The tolling provision until age twenty-one in § 516.170 does not apply to actions under § 516.105. *Batek v. The Curators of the University of Missouri*, 920 S.W.2d 895 (Mo. banc.1996). Post-*Strahler*, § 516.105 "tolls the limitation period for medical malpractice actions only for minors under age eighteen." *Miguel v. Lehman*, 902 S.W.2d 327, 328 (Mo. App. E.D.1995). Thus, when a minor reaches the age of eighteen, the tolling period in § 516.105 ends and its statute of limitations begins to run.

Since Patient was a minor at the time of the negligence, his cause of action against his health care providers was properly tolled until his eighteenth birthday pursuant to § 516.105. At the time of his eighteenth birthday, however, the statute of limitation started running. Patient failed to file his claim within the two years allowed and his

2. All statutes are taken from RSMo 1994 unless otherwise noted.

3. The legislature has defined a minor as being "any person who is under the age of eighteen years." § 475.010(12). Additionally, in connection with the commencement of a civil action, a minor, or infant, is defined as any person who has not attained the age of eighteen years. § 507.115.

claim is, therefore, barred. The motions to dismiss were properly granted.

Judgment affirmed.

CRANE, P.J., and GERALD M. SMITH, J., concur.