Glen W. GOODWIN, Claimant–Appellant,

v.

**FARMERS ELEVATOR AND EXCHANGE, Employer– Respondent,**

and

**Farmland Insurance Company, Insurer–Respondent.**

No. 70130.

Missouri Court of Appeals, Eastern District, Division Four.

Nov. 19, 1996.

Steven E. Raymond, Shelbyville, for claimant–appellant.

Law Offices of Mark R. Rudoff, Patricia J. Kampsen, St. Louis, for employer–respondent.

KAROHL, Judge.

Employee, Glen W. Goodwin, appeals a decision of the Missouri Labor and Industrial Relations Commission (Commission) which affirmed the award of the Administrative Law Judge (ALJ) denying him compensation. He argues the Commission erred in admitting the deposition of Dr. Michael Feely and the medical records of Dr. Lyle Wacaser over objection. He also contends the Commission's findings of fact on the issue of causation are opposed by the evidence. Farmers Elevator and Exchange, employer, replies the medical evidence was admissible and supported the award. We affirm.

On May 24, 1991, employee was pulling a cable attached to a piece of equipment when the cable snapped causing him to fall on his back on the edge of an up-raised board. Employee was working with Earl Wayne Karr at the time of the accident. Karr testified employee denied experiencing any pain from the fall. Employee testified he felt immediate pain but believed it was not serious and would get better with time.

Employee reported the fall to Mike Utterback, director of operations. Utterback testified employee denied being injured and said he did not need to see a doctor. He further testified employee never complained of pain nor asked for lighter work. Employee continued working for three weeks after the fall.

On or around June 16, 1991, employee was carrying fiberglass shingles up a ladder to the roof of his home when he experienced back pain and had to stop. He testified the shingles weighed eight to ten pounds. William Janes, the general manager, testified employee told him the next day at work that he had injured his back while carrying shingles. Employee left work early that day because of the pain. On June 18, 1991, he attempted to work but was unable. That was his last day of work.

At the hearing, the depositions of Dr. Julio del Castillo, for employee, and Dr. Michael Feely, for employer, were admitted into evidence. Dr. del Castillo was employee's primary treating physician. Dr. Lyle Wacaser did not testify but his medical records regarding treatment of employee were in evidence. Employee objected to the admittance of Dr. Feely's deposition because: (1) he did not receive any of Dr. Feely's medical reports seven days prior to his deposition; and, (2) Dr. Feely's opinions were not specifically stated to a reasonable medical probability or certainty. Employer also objected to the admittance of Dr. Wacaser's medical records because these were not provided seven days prior to the hearing and constituted inadmissible hearsay.

Dr. del Castillo testified employee went to St. Mary Hospital in Quincy, Illinois on June 26, 1991 for an MRI. The history statement in the medical records from St. Mary, regarding employee's medical condition, mention only the pain he experienced while carrying shingles. They report employee was carrying an eighty pound load of shingles up the ladder when he "felt and heard a snap or pop in his lower back." There is no reference to the fall at work.

In contrast, Dr. del Castillo's medical history of employee mentions the fall at work. He attributed employee's back injury primarily to the fall. However, none of Dr. del Castillo's medical records disclose a history of pain between the fall at work and the time he went to St. Mary.

Dr. del Castillo referred employee to Dr. Feely who saw him on April 9, 1992. Dr. Feely testified that if employee was lifting eighty pounds of shingles up a ladder, then the cause of the injury ". . . in all likelihood . . . was the second incident." This testimony followed a statement by employee's attorney "just for the record" that a hypothetical to a doctor is improper if "it fails to ask the Doctor if he has an opinion to a reasonable degree of medical certainty, and that is, of course . . . the standard." This was not stated as an objection. After seeing Dr. Feely, employee visited Dr. Wacaser for a second opinion. Dr. Wacaser did not record a conclusion on causation.

The ALJ overruled all objections to admission of evidence and denied employee workers' compensation benefits. In relevant part the ALJ found: (1) employee failed to meet his burden of proof that his back injuries were caused by a fall at work and (2) his testimony regarding the cause of the injury was refuted by (a) credible testimony of co-workers; (b) the fact he missed no time from work until June 17, 1991; and (c) all initial medical records from St. Mary mention only the pain he experienced when he lifted the load of shingles. Employee appealed.

On February 8, 1996, the Commission affirmed the ALJ's award denying compensation. It adopted the ALJ's findings and conclusions. It made no additional, independent findings.

Employee raises four points on appeal. In his first point, employee asserts the Commission erred in overruling his objection to the admittance of Dr. Feely's deposition. He argues employer failed to provide him with Dr. Feely's medical records at least seven days prior to Dr. Feely's deposition in violation of § 287.210.3 RSMo Cum.Supp.1993.

Section 287.210.3 RSMo 1986 required exchange of medical records at least seven days prior to the date of the hearing. That section, RSMo Cum.Supp.1993, made the rule applicable to depositions. Failure to do so, under both the 1986 version and as revised, "may be grounds for asking for and receiving a continuance, upon proper showing by the party to whom the medical reports were not furnished." Section 287.210.3. If the medical reports are not furnished, the physician shall not be allowed to testify at the hearing nor by deposition. Section

287.210.3 RSMo Cum.Supp.1993. When a party does not receive a medical report before a deposition, he has at least two options. *Sprung v. Interior Construction Service,* 752 S.W.2d 354, 358 (Mo.App.1988). First, he can cross-examine the doctor immediately after direct examination. *Id.* He is free to schedule further cross-examination if he decides its necessary. *Id.* Second, he could postpone all cross-examination until he has had an opportunity to review the testimony and prepare. *Id.* "Such procedure protects the rights of that party." *Id.* The Commission is not required to exclude medical records and testimony because of a violation of the seven-day rule. *Eubanks v. Poindexter Mechanical,* 901 S.W.2d 246, 248 (Mo.App. S.D.1995).

■ Here, employee did not object or assert any request for relief based on the statute before or during the deposition. He cross-examined Dr. Feely without asking for a postponement or an opportunity to cross-examine him further. Employee was not prejudiced by the admittance of Dr. Feely's deposition on his complaint of a failure of employer to furnish reports before his deposition. Point denied.

■ In his second point, employee asserts the Commission erred in overruling his objection to Dr. Feely's testimony because his opinions were not explicitly expressed in terms of reasonable medical certainty. Employee cites no authority which mandates the specific use of those words in a question or answer directed towards or given by an expert medical witness. A trial judge is vested with substantial discretion in the admission of expert testimony. *Miller v. Weber,* 688 S.W.2d 389, 391 (Mo.App.1985). Further, the use of the word "think" by an expert witness does not render his testimony inadmissible if he intended to express his opinion or judgment. *Lineberry v. Shull,* 695 S.W.2d 132, 136 (Mo.App.1985). Finally, a party who fails to object at a deposition where questions and responses were not framed in terms of "reasonable medical certainty" waives the objection. *Schiles v. Schaefer, M.D.,* 710 S.W.2d 254, 262 (Mo.App.1986).

■ There was no contest on Dr. Feely's qualifications as a medical expert who examined employee on referral from employee's treating physician, Dr. del Castillo. Employer asked Dr. Feely if he had an "opinion" as to the cause of employee's injury. The question contained a hypothetical based on the evidence. There was a statement but no objection as to form or sufficiency. Dr. Feely expressed his opinion using the words "in all likelihood" and "I think." He responded to the question from a "medical point of view." We hold the opinion testimony was admissible and probative. Point denied.

Employee's third point on appeal consists of three subpoints. He argues the Commission erred in admitting Dr. Wacaser's medical records because (1) they were not provided to him seven days prior to the hearing; (2) they contained no relevant information to employee's case; and (3) they constituted inadmissible hearsay.

■ We reject employee's first argument because he never made a seven day objection. In the absence of an objection, the issue is not properly before us. The claim of Commission error is unsupported by procedural fact.

■ Employee's second and third arguments are also without merit. Dr. Wacaser was not a witness. His medical records were admitted at the hearing and were also referenced by Dr. Feely who testified by deposition. They provided facts of medical treatment but no opinions. They were relevant for the limited purpose they served. Further, employee's counsel withdrew his objection that the records failed to meet the business records exception to the hearsay rule. The records were admitted along with an affidavit satisfying the requirements for admission of business records as an exception under § 490.680 RSMo 1986. Point and subpoints are denied.

■ In his final point, employee asserts the Commission erred because the evidence in the record did not support denying him compensation. We review the Commission's award to determine whether the findings of fact are supported by substantial and competent evidence on the whole record.

*Roby v. Tarlton Corporation,* 728 S.W.2d 586, 587 (Mo.App.1987). The Commission is the judge of witnesses' credibility and this court will not substitute our view of the facts for those of the Commission. *Anderson v. Emerson Electric Company,* 698 S.W.2d 574, 576 (Mo.App.1985). The Commission may disbelieve the testimony of any witness even though no contradicting or impeaching evidence appears. *Id.*

■ Employee's evidence, if believed, could support an award of compensation. However, the ALJ did not accept employee's testimony regarding the cause of his injury. The ALJ and the Commission believed the testimony of employee's coworkers that employee did not complain about pain after his initial fall. They also found the fact that employee continued working until he suffered his second injury relevant. Finally, there was expert medical opinion the back injury was the result of a non-compensable event. There was substantial and competent evidence to support the award denying compensation. Applying our standard of review, we affirm.

RHODES RUSSELL, P.J., and SIMON, J., concur.