JOHN O'SHAUGHNESSY, RESPONDENT, v. E. C. BROWNLEE, ADMR., ETC., APPELLANT.—77 S. W. (2d) 867.

Kansas City Court of Appeals. January 7, 1935.

*H. K. West* and *J. A. Collett* for respondent.

*Thos. P. Burns* for appellant.

CAMPBELL, C.—The plaintiff filed a claim in the Probate Court of Linn County seeking an allowance against the estate of William

Baker, deceased, in the sum of $3300 for services alleged to have been rendered by him to the said William Baker during the eleven years immediately preceding the death of the latter. The case reached the circuit court on appeal. Trial in the circuit court, with a jury, resulted in a verdict in favor of plaintiff in the sum of $4000. Plaintiff entered *remittitur* in the sum of $700. Thereupon judgment was rendered in his favor in the sum of $3300, from which the defendant has appealed.

The defendant contends that the court erred in submitting the case to the jury for the reasons that there was no evidence showing that plaintiff intended to charge nor that William Baker intended to pay for the services rendered by plaintiff; and that the evidence relating to the alleged services and the value thereof was so vague and indefinite that the jury could not arrive at any fixed sum.

William Baker was paralyzed; "from his hips down he was helpless;" he "was helpless, practically; he was crippled. I think it was caused by infantile paralysis." During the eleven-year period covered by plaintiff's claim no one other than plaintiff rendered any substantial services to Baker. During that period Baker lived in a house twenty-five feet distant from the house in which plaintiff resided. For a number of years immediately preceding the time covered in the plaintiff's claim a housekeeper lived with and waited upon Baker. The evidence discloses that when the housekeeper left the employ of Baker, which was about eleven years before the latter's death, plaintiff began to render services to Baker. These services were continued and performed almost daily during the entire period of eleven years. Plaintiff planted a garden on Baker's lot, cultivated and cared for it, carried in coal, pushed Baker in a wheel chair, and on numerous occasions responded to Baker's call to come to the latter's house. When in Baker's house the character of service which plaintiff performed is left somewhat to inference. The inference, however, is that he performed every service which Baker required. The evidence shows that Baker stated that he could not stay in his home if plaintiff died; that plaintiff's wife could not take care of him and that he, Baker, "had a good man to take care of him;" and that "he didn't see how he could get along without Mr. O'Shaughnessy to help him." There was evidence to the effect that plaintiff's services were of the reasonable value of one dollar per day. Prior to the eleven-year period Baker received the services of his housekeeper. His physical condition was such that the jury could very well find that he needed the services of another. When the employment of the housekeeper terminated the plaintiff began rendering services to Baker and continued to do so until Baker died. There was no family relationship between plaintiff and Baker. In these circumstances the law allowed the jury to return a verdict for plaintiff upon it finding that the services were rendered, the

reasonable value thereof and that the plaintiff intended to charge therefor, although the jury further found that Baker did not intend to pay for the services. [Fitzpatrick v. Dooley, 112 Mo. App. 165, 86 S. W. 719; Brunnert v. Boeckmann, 226 Mo. App. 494, 502, 503, 258 S. W. 768.]

Upon considering the facts above stated and the reasonable inferences to be drawn therefrom in a light most favorable to plaintiff we cannot say, as a matter of law, that the evidence was so vague and indefinite that the jury should not have been allowed to determine the reasonable value of plaintiff's services.

The defendant insists that the services which were rendered more than five years prior to Baker's death were barred by limitation. Plaintiff's claim is based upon a continuous running account and unless the last item of it was barred, none were barred. [Chadwick v. Chadwick, 115 Mo. 581; Hofmann v. Sawyer, 50 S. W. (2d) 674, 676.]

In the case of Poague v. Mallory, 235 S. W. 491, 493, this court said:

"There are numerous cases where an account for long-continued services was allowed as an account current which had never been kept in the shape of an account formally entered in writing upon a record. But in such cases the continued acceptance of the services, under an implied obligation that they would be paid for, together with circumstances showing that it could be treated as a running account, and with nothing to interfere with or meet that inference, rendered it permissible to infer from such conduct that the parties contemplated that the matter should be allowed to run and be settled at a future time."

None of the items of plaintiff's claim was barred by limitation.

Plaintiff's instruction No. 1-B, which the defendant contends was erroneous, told the jury that if it found plaintiff rendered services to Baker, for which he intended to charge, then it should find a verdict for plaintiff in such sum as it believed the services were reasonably worth.

The defendant argues that said instruction allowed the jury to find that there was an implied promise on the part of Baker to pay for the services. That—

"The circumstances and relation of the parties were such as to justify an inference that the services were gratuitous, and the evidence shows that O'Shaughnessy never intended to take anything from Baker's estate until Baker was dead.

"Nothing was ever said about making a charge, no book account was ever kept, and Baker, the deceased, would have stopped plaintiff at once if he had suspected that plaintiff was to make a charge for such trivial kindnesses that any neighbor would render to another."

In the trial it was admitted "that the claimant is not kindred to the deceased by blood or marriage." The evidence was sufficient to show that plaintiff, daily, save during a short period when he was sick, rendered necessary and valuable services to Baker. There was no evidence indicating that such services were gratuitous. The facts in the case were sufficient to allow the jury to find that there was an implied promise on the part of Baker to pay for the services. The instruction was not erroneous for the reasons assigned. [Ryans v. Hospes, 167 Mo. 342, 355; Fitzpatrick v. Dooley, 112 Mo. App. 165.]

The defendant assigns error to the action of the court in refusing its requested Instruction B. The instruction among other things said that plaintiff was not entitled to a verdict unless the jury found that the deceased expected to pay for the services. The jury was warranted in finding that Baker requested plaintiff to render some of the services and that he received the benefit of and permitted all of the services to be rendered to him, and that he "didn't see how he could get along without Mr. O'Shaughnessy to help him." And even though Baker did not intend to pay for the services he was, in the circumstances shown, liable therefor. The court correctly ruled the instruction. [Fitzpatrick case, supra.]

The defendant also assigns error to the action of the court in refusing its requested Instruction C. The instruction said that plaintiff was not entitled to recover for services rendered at any time more than five years before the bringing of the suit. The question has been ruled elsewhere in this opinion adversely to the defendant.

The defendant argues that the court erroneously permitted the defendant to enter a *remittitur* in the sum of $700; that the error in the amount of the verdict "must be cured by a new trial;" that the verdict is "so far in excess of the amount claimed, and was so unreasonable as to show that the jury was controlled by passion, prejudice, excitement and misunderstanding." The court told the jury that if it found a verdict for the plaintiff the amount thereof should be "in such sum as you believe from the evidence such services are reasonably worth." The jury was not aware of the fact that plaintiff sought to recover $3300. The evidence was such that the jury could have found a verdict in favor of plaintiff in the sum of $4000. Plainly, the jury did not disobey the instruction of the court. To the contrary, the sum stated in the verdict was within the amount which the court said the jury could find in event it found for the plaintiff. Hence, there is no basis for the claim that the jury was controlled by passion or prejudice. Concerning the question as to whether or not the error in the verdict was cured by *remittitur*, the general rule is stated thus:

"It is quite generally held that where the verdict, because of inadvertent mistake, or error in calculation, exceeds the amount

claimed or proved, the court may, with the consent or acquiescence of the prevailing party reduce the verdict to the proper amount." [64 C. J. 1101.]

"So, where the only error consists in permitting a recovery for a larger amount of damages than was claimed in the complaint, a judgment may be modified by striking out such excess." [2 R. C. L. 278.]

The general rule above stated is the rule in this jurisdiction. [Tilford v. Ramsey, 43 Mo. 410; Miller v. Hardin, 64 Mo. 545; State ex rel. Welsh v. Morrison, 244 Mo. 193; Smith v. Mallory, 188 S. W. 934.]

In a recent case the Supreme Court said:

"Assuming, as we must in fairness to the defendant, if a *remittitur* is to be allowed, that the jury may have awarded plaintiff for lost earnings prior to the filing of his amended petition $2,500 a year, which he testified was his average yearly earning prior to his injury, the verdict was excessive on said item of lost earnings by the difference between said sums of $4,132 and $1,322, that is $2,810. We are satisfied that to permit a *remittitur* of that amount, on the record before us, rather than to demand the cause for new trial, can work no wrong to the defendant and will best serve the ends of justice." [Leingang v. Geller, Ward & Hasner Hardware Co., 73 S. W. (2d) 256, 263.]

The *remittitur* cured the excessiveness of the verdict. We do not find reversible error in the record. The judgment is affirmed. *Reynolds, C.,* concurs.

PER CURIAM:—The foregoing opinion of CAMPBELL, C., is adopted as the opinion of the court. The judgment is affirmed. All concur.