## COOL v. INTERNATIONAL SHOE CO.
### No. 12509.

Circuit Court of Appeals, Eighth Circuit.
May 3, 1944.

Walter Burch, of St. Louis, Mo., for appellant.

Lawrence C. Kingsland, of St. Louis, Mo. (Edmund C. Rogers and Richard O. Rumer, both of St. Louis, Mo., on the brief), for appellee.

Before SANBORN, THOMAS, and RIDDICK, Circuit Judges.

RIDDICK, Circuit Judge.

This is an appeal from a judgment dismissing a complaint with prejudice. The motion on which the judgment was granted assigned as grounds: (1) That the complaint failed to state a claim upon which relief could be granted; (2) that it appeared on the face of the complaint that plaintiff was guilty of such laches as barred his right of recovery; and (3) that the cause of action asserted was barred by limitations. The order of the District Court does not show on what ground the complaint was dismissed.

The complaint may be summarized. In 1916 plaintiff was in the employment of the defendant, a manufacturer of shoes in the City of St. Louis, Missouri. There was posted on the wall of plaintiff's place of employment a placard notifying employees that the defendant would compensate any of them for valuable suggestions for improvements in methods of manufacture. Inspired by this placard, the plaintiff offered to devise certain attachments to the machines used in the manufacture of shoes which would greatly reduce the expense of manufacture. This offer was made to responsible officers of defendant. Their response was that, if the plaintiff could produce the attachments at his own expense and risk, the defendant would compensate him for their use if they were as represented, and if defendant accepted them for use in its factories. On the faith of this offer, the plaintiff expended several years in the work necessary to produce the devices. His efforts were successful, and in 1919 he offered the models which he had made to the defendant. They were tried by the defendant, found acceptable, and accepted for use in the manufacture of shoes, with the understanding that plaintiff would be compensated for their use. There was no agreement as to the amount of plaintiff's compensation, nor as to the time at which it should be paid. The appliances devised by the plaintiff were used by the defendant manufacturer in the production of shoes continuously until April 5, 1935, when plaintiff made formal demand for payment. His demand was refused. Suit was filed October 1, 1936.

Between September 1919 and April 1935 plaintiff at various times suggested to the defendant that the amount of his compensation should be determined and that some payment should be made on account of it. On all of these occasions plaintiff was told by responsible officers of the defendant that his claim for compensation was recognized by the company and that it would be met in due course. In 1920 defendant transferred its manufacturing operations in which the devices were used to Paducah, Kentucky. Some trouble arising in that factory in the operation of plaintiff's devices, defendant sent plaintiff to Paducah where he made the necessary adjustments, and gave the necessary instructions to defendant's employees operating the machines on which his devices were placed. The validity of his claim was recognized at that time. In 1926 and again in 1928 and 1929 plaintiff's claim was acknowledged, and he was then assured that the matter of his compensation would be submitted to the company's board of directors for final approval.

In 1921 plaintiff applied for patents on his inventions, his application was granted, and letters patent issued on October 26, 1926, to plaintiff's assignee. Plaintiff alleged, however, that the assignment contained a reservation of his rights to compensation under his agreement with defendant, and in 1933 the patents were duly reassigned to him.

During the use of plaintiff's devices defendant manufactured approximately twenty-five million pairs of shoes, realizing a substantial saving in cost on the average of six cents on each pair of shoes

320

manufactured. The reasonable value of the use of the devices over the period alleged was $1,500,000. Plaintiff asked for an accounting with defendant and for judgment for such sum as might be found to be a fair and reasonable compensation.

Defendant met the complaint with motions to make more specific and certain and to strike. The motions being sustained, the plaintiff filed an amended complaint in substance the same as the first. The motions to strike and for a more definite statement were repeated, and the second amended complaint was filed. Defendant then interposed its motion to dismiss which the court granted, later setting aside its order and allowing plaintiff to plead further. The third and last amended complaint, in substance the same as all of its predecessors, was dismissed by the court with prejudice in response to the motion heretofore stated.

■ None of the complaints conforms with the Rules of Civil Procedure, 28 U.S. C.A. following section 723c, requiring a short and simple statement of plaintiff's claim. All were long and prolix. All included statements of evidence and repeated time and again the allegations necessary to be made. Defendant's motion for more particular statements, instead of improving the situation, made it worse. Nevertheless, we think the plaintiff stated a claim on which relief could have been granted, and that it was error to dismiss his complaint with prejudice on any of the grounds made in defendant's motion.

■ Plaintiff was entitled to a liberal construction of his complaint. We have held that on a motion to dismiss for insufficiency of statement, the complaint should be construed in the light most favorable to the plaintiff and with all doubts resolved in his favor. Leimer v. State Mutual Assurance Co., 8 Cir., 108 F.2d 302. In Musteen v. Johnson, 8 Cir., 133 F.2d 106, 108, it was held error to dismiss a complaint on the ground of insufficiency of statement unless "it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of the claim asserted by him." See also Sparks v. England, 8 Cir., 113 F.2d 579; Louisiana Farmers Protective Union, Inc., v. Great Atlantic & Pacific Tea Co., 8 Cir., 131 F.2d 419.

[3-5] It is true that no contract between the parties resulted from plaintiff's offer to devise the appliances and attachments for defendant's machines and defendant's agreement that, if the appliances were made and were found valuable by defendant and used by it, the plaintiff would receive just compensation for their use. At this stage, the promises of the parties were too uncertain and indefinite for either to enforce them against the other. But when the appliances were made by the plaintiff, tried by the defendant, found successful, and accepted and thereafter used from day to day and year to year, the offer of the plaintiff was made certain by performance, and the liability of the defendant to pay, definite and certain by reason of its acceptance of the performance. So much is alleged in the complaint and admitted by the motion to dismiss. Only the amount of plaintiff's compensation and the time or times of its payment remain to be ascertained, and, therefore, are uncertain, but the law supplies the standard of reasonableness by which all of these uncertain matters can be made certain. The amount of payment and the time of payment under the allegations of the complaint became questions of fact to be determined on the evidence. Plaintiff's allegation that his rights under the letters patent issued in 1926 were assigned by him to third parties has no bearing on this question, because the complaint alleges, and the motion to dismiss admits, the reservation by the plaintiff of his rights under the agreement sued on.

■ It does not appear from the face of the complaint that plaintiff's cause of action had been lost through plaintiff's laches or barred by the statute of limitations. Delay alone is ordinarily not sufficient to constitute laches. There is nothing in the complaint to show that delay in the institution of suit has resulted in any prejudice to defendant. Moreover, if the allegations of the complaint are sustained, the delay was as much due to the actions of the defendant as it was to the actions of the plaintiff. Nor can it be said with certainty from the fact of the complaint that plaintiff's cause of action accrued at any particular time. The defendant did not request the plaintiff to state the time at which compensation under the agreement alleged became due and payable, or the

date on which his cause of action accrued. In the absence of such a definite statement, it can not be said that it appears on the face of the complaint that plaintiff's action is barred by limitations.

On the question of the statute of limitations the defendant relies on section 1014, Missouri Revised Statutes, 1939, Mo.R.S.A., to the effect that all actions upon contracts, obligations, or liabilities, expressed or implied, with certain exceptions not necessary to mention here, shall be barred within five years from the date the action accrued. Plaintiff insists that the controlling Missouri statute is section 1019, Missouri Revised Statutes, 1939, Mo.R.S.A., providing that an action brought to recover on an open running account, where there have been reciprocal demands by the parties, shall be deemed to have accrued at the time of the last item in the account on the adverse side. Which of these sections of the Missouri statute of limitations controls in the present case can not be determined from anything in the complaint. The agreement between the parties, as alleged by the plaintiff, required the defendant to pay for the use of plaintiff's inventions. The complaint does not compel the holding that under the agreement plaintiff was to be paid a lump sum when the use began, or periodically at specified times, or at the end of the period of use. The complaint is now reasonably susceptible to the interpretation that the contract between the parties was one for continuous, indeterminate performance, or one involving a running account. If on a trial this proposition should be established by the evidence, it would seem that under Missouri decisions plaintiff's cause of action was not barred by limitations, but the decision of the question must await the evidence. The following Missouri cases interpret and apply the Missouri statute: Smith v. Collins, Mo.App., 243 S.W. 219, 222; Poague v. Mallory, 208 Mo.App. 395, 235 S.W. 491, 493; Scheer v. Trust Co. of St. Louis, 330 Mo. 149, 49 S.W.2d 135; Bowman v. Shelton, 175 Mo.App. 696, 158 S.W. 404; O'Shaughnessy v. Brownlee, 229 Mo. App. 342, 77 S.W.2d 867; Sidway v. Missouri Land & Live Stock Co., 187 Mo. 649, 86 S.W. 150, 155; and Cruse v. Eslinger, Mo.App., 235 S.W. 496, 498.

Reversed and remanded for further proceedings.