## SURFACE v. SAFEWAY STORES, Inc.

### Civil Action No. 709.

District Court, D. Nebraska,
Lincoln Division.

Aug. 5, 1947.

Dwight C. Perkins, of Mocket, Davies, Pace & Perkins, all of Lincoln, Neb., for plaintiff.

Flavel A. Wright, of Cline, William & Wright, all of Lincoln, Neb., for defendant.

DELEHANT, District Judge.

This action, brought to this court by removal for diversity of citizenship, was instituted in the state court by the decedent for the recovery of damages for personal injuries by her allegedly sustained within the state of Nebraska in consequence of negligence of the defendant, which answered punctually in this court. A pre-trial conference was had in anticipation of an early trial. Thereafter, on June 23, 1947, the original plaintiff having died, the administrator of her estate was substituted as plaintiff and granted leave

to present an amended complaint, which was duly filed. In the amended complaint which attributes the decedent's death to the originally charged delict, among other allegations touching damage, the administrator makes the following averments:

"During her lifetime plaintiff's decedent was the beneficiary of an annuity for life and her premature death, as aforesaid, terminated said annuity resulting in a pecuniary loss to her estate in the total amount of $3,000.00; as a result of her death, as aforesaid, her estate has necessarily incurred funeral expenses in the amount of $198.00."

The defendant has moved to strike separately each of those clauses on the ground that it "is immaterial and not a proper element of damage in plaintiff's alleged cause of action." It may be noted, in passing, that the amended complaint identifies no surviving next of kin as dependants of the decedent and does not undertake to set out a cause of action for death by wrongful act under R.S.Neb.1943, § 30-809 et seq., with amendments. In fact, counsel for the present plaintiff has indicated informally in open court that there are no survivors whose interest would support such a suit.

In oral argument upon the motion to strike, the defendant contended that, under the law of Nebraska, neither of the challenged items constitutes an allowable element of recovery in the action's setting, and, therefore, that both such items should immediately be removed from the case by the summary excision from the amended complaint of all reference to them.

Whatever may be the usages of the various state courts in dealing with allegedly immaterial averments of a complaint or an answer, the federal courts under the Federal Rules of Civil Procedure do not usually dispose of cases upon motions to dismiss; or of separate allegations in complaints on motions to strike. Entire complaints are dismissed only where it clearly appears that under no reasonable appraisal of the pleading can evidence be adduced which will support the allowance of relief in favor of the claimant. Leimer v. State Mutual Assurance Co., 8 Cir., 108 F.2d 302; Musteen v. Johnson, 8 Cir., 133 F.2d 106; Sparks v. England, 8 Cir., 113 F.2d 579; Louisiana Farmers Protective Union v. Great Atlantic & Pacific Tea Co., 8 Cir., 131 F.2d 419; Cool v. International Shoe Co., 8 Cir., 142 F.2d 318; United States v. Association of Am. Railroads, D.C.Neb., 4 F.R.D. 510.

The rules contemplate the resolution of a complaint in respect of whose sufficiency there is doubt either in fact or in law only after a trial upon the merits of the case. Publicity Bldg. Realty Corporation v. Hannegan, 8 Cir., 139 F.2d 583. Similarly, if there be either legal or factual question of the complete immateriality of specific allegations of a complaint that are challenged by motion to strike, the motion will be denied. More than that, even though the asserted immateriality may be demonstrated, it is not alone sufficient to require the granting of the motion and the striking of the material. Allowance of the motion to strike is mandatory only if the language determined to be immaterial is also calculated to be harmful to the moving party if it be allowed to remain in the pleading. See, without quotation, this court's discussion in Sinkbeil v. Handler, D.C.Neb., 7 F.R.D. 92, and authorities therein cited.

The defendant insists that the language to which its motion is directed is entirely immaterial; and that in the present posture of the plaintiff's case, he can not lawfully recover anything either in respect of annuities that might have been paid to the decedent during the portion of her expectancy of life that was intercepted by her allegedly untimely death, or on account of her funeral expenses. In that position the defendant may be, either entirely or partially, on solid ground, although the court does not now intimate any opinion upon the question. It holds only that the presence of the language in the complaint can work no possible harm to the defendant. On the contrary, its assertion serves upon the defendant notice of some particulars of the plaintiff's claim. Perhaps he may not be allowed, wholly or at all, to make out that claim; or the evidence by which he may attempt to support

480

it may be entirely or partially inadequate for the purpose. But neither now nor at any time hereafter will the mere presence of the language in his pleading injure his adversary.

So, the motion is being denied and over-ruled.

But the allegation, without particularization, of the existence of the annuity prompts the court to seek upon its own motion the facts touching it, its source, its documentary support, its provisions and its limitations, if any. To that end, an order for further pre-trial conference will be made promptly on the filing of the defendant's pleading responsive to the amended complaint. And at that conference also, the facts relevant to the item of funeral expense may be disclosed, and if practicable, agreed upon. If the ultimate facts underlying those two items of claim should thus be unquestionably disclosed, an immediately determinable issue may—but perhaps may still not—be presented.