**236**

**SPARTAN CARPET DISTRIBUTORS, INC., Appellant,**

v.

**Red BAILEY, Respondent.**

**No. 51678.**

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 17, 1987.

Motion for Rehearing and/or Transfer
Denied March 25, 1987.

Application to Transfer Denied
May 19, 1987.

James A. Bingley, Leritz, Reinert & Duree, P.C., St. Louis, for appellant.

N. Barrett Braun, Braun, Stewart & Anderson, Inc., Clayton, for respondent.

CRIST, Judge.

Action by appellant (seller) for balance due on carpet sold to respondent (buyer). Seller originally filed, in Associate Circuit Court, a petition for amount due on an open account that buyer, a carpet layer, had with seller. After a judgment for buyer, seller took a trial de novo. After the trial de novo, the court, sitting without a jury, found for buyer. We affirm.

Seller asserts on appeal that it was entitled as a matter of law to recover on a cause of action on account stated. In response to the appeal, buyer argues that seller's action was based on a theory of failure to pay an open account, not account stated, and that seller failed to establish all the elements necessary for recovery under such a theory. Buyer argues that even if we find the case was tried on a theory of account stated, seller's evidence failed to establish all the elements of that cause of action. In its opening statement seller stated it was proceeding "under the theories of an open account and accounts stated." Buyer did not object and in fact indicated he would be presenting evidence to support a defense to an action grounded in account stated. We do not need to decide whether seller properly brought an action in account stated because we hold the evidence did not require a finding that as a matter of law seller was entitled to recovery on a theory of account stated.

To establish a cause of action in account stated, seller must prove (1) the parties had prior financial dealings, an open account; (2) the parties reached an agreement as to the amount due and owing on that account; and (3) buyer acknowledged this obligation and made an unconditional promise to pay. *Whelan's, Inc. v. Bob Eldridge Const. Co.*, 668 S.W.2d 244, 247 [2–4] (Mo.App.1984). Buyer admits there was an open account, that $2,889.63 was owed on the account, that on June 19, 1983, he told seller's agent he would pay the account in full in three days, and that

he did not pay. What was in dispute is whether the promise to pay was conditioned upon seller's responding to buyer's complaints about defects in the carpeting. If buyer's acknowledgment of the debt was contingent, an account stated was not formed. *Chisler v. Staats*, 502 S.W.2d 424, 426 [6] (Mo.App.1973); and *Gerstner v. Lithocraft Studios, Inc.*, 258 S.W.2d 250, 253 [2] (Mo.App.1953).

We view the evidence in a light most favorable to the judgment, accepting as true all evidence and inferences in support of the judgment. *Holtschneider v. Stratman*, 655 S.W.2d 47, 48 [1] (Mo.App. 1983). From the evidence the trial court could have found that buyer's agreement to pay seller the amount owing on the account was contingent upon seller resolving the problems associated with the carpeting sold by seller to buyer. The court could also have found buyer communicated this condition to seller. Finding a conditional agreement to pay the court could not find an account stated and could not render judgment for seller.

Judgment affirmed.

SNYDER, C.J., and KELLY, J., concur.