Jack C. TERRY, Appellant,

v.

Gladys M. EIKENBARY, Respondent.

No. WD 46623.

Missouri Court of Appeals,
Western District.

May 25, 1993.

Albert W.L. Moore, Jr., Independence, for appellant.

Gladys M. Eikenbary, pro se.

Before FENNER, P.J., and ULRICH and SPINDEN, JJ.

SPINDEN, Judge.

Jack C. Terry appeals the trial court's dismissing with prejudice his petition for compensation for professional services from Gladys M. Eikenbary. The trial court dismissed Terry's petition on Eikenbary's oral motion that the petition was filed beyond the statute of limitations of § 516.-120, RSMo 1986. We reverse the judgment of the trial court and remand for further proceedings.

Terry sued Eikenbary for attorney's fees on March 21, 1991, and alleged in his petition that Eikenbary employed him to advise and consult with her on legal matters. He asserted that his employment commenced on April 11, 1983, and "has continued until the present time[.]" He alleged that although Eikenbary has paid him from time to time, she refused to pay the "complete billing as established by the services rendered according to the [e]xhibits" attached to the petition. The last billing date noted in the exhibits was August 27, 1985.

The trial court, on May 5, 1992, dismissed Terry's petition with prejudice because it was filed beyond the statute of limitations of § 516.120. On May 28, 1992, the trial court overruled Terry's motion to vacate its judgment, and Terry appealed.

■ "An order dismissing a petition with prejudice is erroneous if the petition, reasonably construed, sets forth any theory supporting recovery." *Bracey v. Monsanto Company, Inc.*, 823 S.W.2d 946, 947 (Mo. banc 1992). If a petition sets forth any facts which, if proved, would entitle a plaintiff to relief, a trial court must deny a motion to dismiss. *White v. Mulvania*, 575 S.W.2d 184, 188 (Mo.1978).

■ At the hearing on the motion to dismiss, Eikenbary claimed that the five-year statute of limitations in § 516.120 barred Terry's action because the indebtedness was incurred more than five years before the filing of the petition. However, in an action for recovery based on personal services, if the services contracted for are a "single, entire, continuous employment," the statute of limitations begins to run on the last date upon which services are performed or when employment is terminated. *In re Estate of Cass*, 753 S.W.2d 632, 635 (Mo.App.1988); *Machens v. Estate of Machens*, 650 S.W.2d 19, 20 (Mo.App.1983). If any part of the employment occurred within the five years preceding the filing of the action, the party may collect for the whole. *Minor v. Lillard*, 306 S.W.2d 541, 546 (Mo. 1957).

■ Because we are reviewing the trial court's granting of a motion to dismiss, "[w]e treat the facts averred [in the petition] as true and construe all averments liberally and favorably to appellant." *Kanagawa v. State By and Through Freeman*, 685 S.W.2d 831, 834 (Mo. banc 1985). The trial court disregarded Terry's allegation in his petition that his employment with Eikenbary continued to the date of filing the petition. The trial court seemed to adopt the notion that because the last date of billing was on August 27, 1985, Terry ceased to be employed by Eikenbary on that date.

Deeming as true Terry's averment that his employment continued until the date of filing his petition, we conclude that the trial court erroneously granted the motion to dismiss with prejudice. We, therefore, reverse the judgment of the trial court and remand with instructions that the trial court reinstate the case and conduct further proceedings to a final disposition.

All concur.