**LEESER TRUCKING, INC.,**
**Plaintiff–Appellant,**

v.

**PAC–A–WAY, INC., Defendant–**
**Respondent.**

No. 67285.

Missouri Court of Appeals,
Eastern District,
Northern Division.

Jan. 9, 1996.

Wasinger, Parham, Morthland, Terrell & Wasinger, Casey J. Welch, Hannibal, for Appellant.

Jeffrey R. Curl, Hannibal, for Respondent.

KAROHL, Judge.

Leeser Trucking Inc., (Leeser), a Missouri corporation, appeals after dismissal of its petition against Pac–A–Way, Inc., (Pac–A–Way), a Missouri corporation, to recover shipping charges for deliveries made to Child Safe Products, Inc. located in Hicksville, New York.

This lawsuit was originally dismissed for failure to state a cause of action. After requesting a trial de novo Leeser filed a motion for leave to file a first amended petition and the first amended petition. Leeser attached and incorporated into the petition statements for each of the three shipments and a bill of lading for each of the shipments. Pac–A–Way filed a motion to dismiss on numerous grounds.

At a hearing on the motions for leave to amend and to dismiss, the court granted leave to amend. Thereafter, it heard arguments and granted Pac–A–Way's motion to dismiss on the ground of failure to state a cause of action. Accordingly, we consider Leeser's appeal from a dismissal of its first amended petition.

The parties dispute the nature of the judgment. Leeser contends the court granted a motion to dismiss, not a summary judgment. Pac–A–Way contends the trial court "reviewed several bill of lading forms which are the basis for [Leeser's] claim, and heard in depth arguments from both counsel regarding the facts and the evidence in the case" and that automatically converted the motion to one for summary judgment. Pac–A–Way categorically states in its brief "the Court based its decision on the merits of the case."

We find the court decided only a motion to dismiss. Neither party engaged in any discovery. There were no affidavits filed by either party to offer proof of summary judgment facts in evidentiary form. The only document considered by the court was Leeser's first amended petition which it permitted Leeser to file. After arguments the

court told counsel it would have been more comfortable "if this has been a motion for summary judgment; however, having said that I think the petitioner, plaintiff, is correct on the merits." It would seem the court's finding would have supported a refusal to dismiss the petition. However, the court also observed:

> Pursuant to the statements of the petition, which says specifically, I could read it for you, but it says that this agreement was made, agreement, et cetera, and what you are claiming is in fact pursuant to what was argued contrary to what I find the agreement to have been. So, you know, we just—we in essence are awful close to going to the merits of it, but based on what I've heard today I'm going to grant that motion.

■ We view dismissal of plaintiff's first amended petition for failure to state a claim upon which relief can be granted by assuming every fact pleaded in the petition to be true. *Y.G. & L.G. v. Jewish Hospital of St. Louis*, 795 S.W.2d 488, 494 (Mo.App.1990). Plaintiff is entitled to the benefit of every favorable inference which may reasonably come from the facts pleaded. *Id.*

The petition alleged Leeser provided services to Pac–A–Way at Pac–A–Way's "insistence and request" and is therefore entitled to collect the agreed shipping charges. Leeser attached three bills of lading which describe the services provided, transportation of goods and the dates of transport. Leeser also attached invoices for each of the three shipments involved. These allegations would appear sufficient to state a cause of action. However, Pac–A–Way contends: (1) the exhibits attached and incorporated in the petition "clearly indicate that the freight charges are to be collected from Child Safe"; and, (2) "at no time has there ever been any agreement between Pac–A–Way and Leeser ... whereby Pac–A–Way is to pay for the shipping costs of things that were shipped up to Child Safe. Pac–A–Way put Child Safe and Leeser together, and from the very beginning Leeser was told and Leeser complied with and ... was paid for all their shipping costs directly by Child Safe." Specifically, Pac–A–Way relies on the attached invoices

which refer to freight charges and provide a space to mark either "prepaid" or "collect." An "X" was marked on two of the three invoices for "collect," the third was blank.

There is no dispute a freight carrier may agree with a shipper to collect all freight charges only from the consignee. *Orscheln Brothers Truck Lines, Inc. v. Ferguson Manufacturing, Inc.*, 793 S.W.2d 525, 528 (Mo.App.1990). We review the first amended petition for sufficiency to determine whether Leeser has pleaded an agreement to collect only from the consignee, Child Safe, and therefore, as Pac–A–Way argues and the trial court found, "the petition itself is self-defeating."

■ For several reasons we find the court erred in dismissing the petition for failure to state a cause of action. First, the petition alleges an agreement by Pac–A–Way to pay for the shipping charges. It also alleges performance and balance due. Second, notation on two of three invoices that freight charges were to be recovered "collect" does not, as a matter of law, exclude proof of the alleged agreement that defendant would pay the charges. *Id.* at 529. Third, the invoices contain pre-printed non-recourse provisions which may be adopted by the signature of the shipper's representative. Nonrecourse provisions could have been adopted by shipper and bound plaintiff to collect only from the consignee. *Id.* at 528. Attachment and incorporation of the invoices does not constitute a pleading by Leeser that the parties agreed to be bound by nonrecourse provisions to eliminate Pac–A–Way's liability. An agreement that a consignee will pay freight charges does not of itself relieve the shipper-consignor. *Id.* at 529. Fourth, Pac–A–Way acknowledged the invoices attached to the petition and relied upon by Pac–A–Way as sufficient to exclude the possibility of proving an agreement between the parties are not the only copies of the invoices and the copies are not all the same. Some are signed, some are not. All that is required to withstand dismissal is that Leeser's allegations are sufficient to permit proof of a well pleaded cause of action. The copies which belong to Pac–A–Way may become

evidence to prove a nonrecourse agreement but they were not before the court.

Leeser's first amended·petition is sufficient to state a cause of action. It does not contain "self defeating" allegations which would, as a matter of law, bar recovery.

We reverse and remand.

CRANE, C.J., and CRANDALL, J., concur.