**Ernest J. HONIGMANN,**
**Plaintiff/Appellant,**

**v.**

**C & L RESTAURANT CORPORATION,**
**a Missouri Corporation,**
**Defendant/Respondent.**

**No. 72740.**

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 24, 1998.

Tom Mendelson, St. Louis, for plaintiff/appellant.

Michael A. Forst, St. Louis, for defendant/respondent.

PUDLOWSKI, Judge.

Ernest J. Honigmann (Honigmann) appeals the dismissal of his petition for compensation from C & L Restaurant Corporation (C & L) for services and loans. The court granted C & L's motion for dismissal because the petition was filed beyond the five-year statute of limitations of Section 516.120 RSMo (1994). We reverse the judgment and remand for further proceedings.

■■■ On review, we view the dismissal of Honigmann's petition by assuming every fact pleaded in the petition to be true. Leeser Trucking, Inc. v. Pac–A–Way, Inc., 914 S.W.2d 40, 42 (Mo.App. E.D.1996). A plaintiff is entitled to the benefit of every favorable inference which may reasonably be derived from the facts pleaded, *Id.*, for we must determine whether the plaintiff has invoked any substantive principle of law which would entitle it to relief. Farmers Ins. Co., Inc. v. McCarthy, 871 S.W.2d 82, 84 (Mo.App. E.D. 1994). If the petition does not facially show that it is barred by the statute of limitations, a motion to dismiss should not be sustained. Sheehan v. Sheehan, 901 S.W.2d 57, 59 (Mo. banc 1995).

The facts alleged in Honigmann's petition are as follows. In April 1988, C & L became the beneficial owner of an apartment building and hired Honigmann to provide property management and other services related to the acquisition and maintenance of the property. Besides providing "services," Honigmann loaned C & L money to meet cash needs for the maintenance of the property. Between February 20, 1990 and February 12, 1995, Honigmann provided C & L with six written statements of account; roughly one each year. The statements show hourly charges for services performed by Honigmann, loan and interest amounts, and payments from C & L. Honigmann alleges C & L refused to pay charges after 1994. C & L, in its answer and subsequent motion to dismiss, alleged that claims accruing prior to November 1, 1991 were time barred under the applicable five-year statute of limitations. Section 516.120 RSMo (1994). The court granted C & L's motion as to all Honigmann's claims. Honigmann appeals.

Honigmann alleges the trial court erred in dismissing his petition for two reasons. First, the five-year statute of limitations had not yet run on claims accruing after 1991. Second, Honigmann argues he sufficiently pleaded that the bills to C & L constitute an account stated, which tolled the statute of limitations as to the pre–1991 billing. We agree.

It is facially evident from the petition that the claims accruing after 1991 were improperly dismissed. Both parties agree that the five-year statute of limitations for non-written contracts is applicable. Section 516.120 RSMo (1994). Honigmann filed his petition on November 4, 1996. There are over a dozen transactions alleged to have taken place between November of 1991 and the date of filing the suit. C & L concedes that the court erred in dismissing claims that accrued after November. Therefore, we reverse and remand as to alleged transactions occurring after November 4, 1991.

■■■ Additionally, under the time-honored "account stated" doctrine, Honigmann properly pleaded facts sufficient to withstand a motion to dismiss his pre-November 1991 claims. An account stated is an agreement between parties, having had previous financial transactions, that a balance struck is correct and due between them, and an express or implied promise by the debtor to pay. Ozark Mountain Timber Products, Inc., v. Redus, 725 S.W.2d 640, 649 (Mo.App. S.D. 1987), Spartan Carpet Distributors, Inc. v. Bailey, 728 S.W.2d 236, 237 (Mo.App. E.D. 1987); Dameron v. Harris, 281 Mo. 247, 219 S.W. 954, 957 (1920). Prior monetary transactions give rise to an implied admission of

**460**

liability by the debtor. *Ozark Mountain Timber,* 725 S.W.2d at 649. Even if the debtor makes no express promise to pay the balance, the retention of the account rendered for a reasonable time without objections acknowledges the account and implies a promise to pay. *Id.* The time deemed "reasonable" varies from case to case, and will depend on the individual circumstances of each situation. *Id.*

■ Honigmann plead he had an ongoing financial relationship with C & L. He attached a series of purported bills dated from 1988 until 1995. The bills list hourly fees for work done and amounts borrowed by C & L for the upkeep of its apartment building. Each bill carries over the unpaid portion from the preceding bill. C & L paid several amounts over the period, but never fully paid off the balance. Honigmann specifically pleaded there was an implied agreement and promise to pay. *Simrall v. Morrow,* 362 S.W.2d 765, 767 (Mo.App.K.C.1962). Because there was a prior series of financial transactions between the parties and an implied agreement as to the amount and an implied promise to pay, we hold that Honigmann properly plead sufficient facts to overcome C & L's motion to dismiss.

In its motion in support of dismissal and in its appellate brief, C & L has two main arguments against Honigmann's prima facie case. C & L argues that the account was neither a "single" account, nor based on continuous service. C & L bases its argument upon cases involving continuing services that have required the services to be "single, entire and continuous" to toll the statute of limitations. *Terry v. Eikenbary,* 853 S.W.2d 470, 471 (Mo.App. W.D.1993).

However, these cases are inapplicable to the situation at bar because they do not deal with accounts stated. Rather, those cases involve a plaintiff who has provided services to the defendant, often the estate of a decedent, for a long period of time without pay. Such an open and running account, provided it was "single, entire, and continuous," means that the statute of limitations does not run until the working relationship has ended. *Terry,* 853 S.W.2d at 471. The cases are often distinguished by oral comments by the defendant to the effect that he plans to pay the plaintiff for her work sometime in the future. *See, for example,* Kleinberg v. Kinealy, 193 S.W. 981, 983 (Mo.App.St.L.1917) (plaintiff cared for deceased for extended period with no writing, recovery based on oral promise); Smith v. Collins, 243 S.W. 219, 221 (Mo.App.K.C.1922) (plaintiff cared for decedent while alive on oral promise that decedent would pay for room and board); Minor v. Lillard, 289 S.W.2d 1, 6 (Mo.1956) (care of decedent); O'Shaughnessy v. Brownlee, 229 Mo.App. 342, 77 S.W.2d 867, 869 (K.C.1934) (care of paralysis victim). There is not necessarily any agreement, express or implied, as to the amount owed or the correctness of any amount by the defendant to the plaintiff. By contrast, account stated cases are based on the premise that the parties have agreed that the amount billed is the true and correct amount, thus forming a new contract from the date of the last bill. Since the law cited by C & L is inapplicable to the instant case, we do not find its argument convincing.

We conclude that the trial court erroneously granted the motion to dismiss. We therefore reverse the judgment of the trial court and remand with instructions that the trial court reinstate the cause of action and conduct further proceedings to a final disposition. *See, Terry,* 853 S.W.2d at 471.

GRIMM, P.J., and GARY M. GAERTNER, J., concur.