Sandra RHODES, et al., Appellants,

v.

WESTOAK REALTY & INVESTMENT, INC., et al., Respondents.

No. 73886.

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 27, 1998.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 6, 1999.

Application for Transfer Denied
Feb. 23, 1999.

Before HOFF, P.J., and GARY M. GAERTNER and RHODES RUSSELL, JJ.

*ORDER*

Elbert A. Walton, Jr., St. Louis, for appellants.

Robert C. Jones, Jr., St. Louis, for respondents.

MOONEY, Judge.

Sandra Rhodes, Gennean Gillespie, and Otis Beckum ("Plaintiffs") appeal from the trial court's dismissal of their petition without leave to amend for failure to state a claim upon which relief may be granted. Plaintiffs' petition sought damages under the Fair Debt Collection Practices Act (FDCPA) against Westoak Realty and Investment, Inc. and Robert C. Jones ("Defendants"). On appeal, Plaintiffs contend that the trial court erred in: (1) finding that Plaintiffs were not entitled to recover under the Fair Debt Collection Practices Act; and (2) dismissing Plaintiffs' claim without leave to amend. Judgment affirmed.

### FACTS

We view dismissal of Plaintiffs' petition for failure to state a claim upon which relief can be granted by assuming every fact pleaded in the petition to be true. *Leeser Trucking, Inc. v. Pac–A–Way, Inc.,* 914 S.W.2d 40, 42 (Mo.App. E.D.1996). Plaintiffs are entitled to the benefit of every favorable inference which may reasonably come from the facts pleaded. *Id.*

The facts viewed in a light most favorable to Plaintiffs reveal the following. On November 30, 1979, Louise Wilson executed a note and borrowed $43,139.00 from Defendant Westoak Realty. To secure the note, Ms. Wilson executed a deed of trust on four parcels of property. Defendant Robert C. Jones is the trustee under the deed of trust. On or about October 31, 1988, Ms. Wilson sold Parcel 4 to Richard and Gregory Rhodes without revealing that said property was subject to the deed of trust. On or about February 16, 1996, Gregory Rhodes conveyed Parcel 4 to Plaintiffs Sandra Rhodes and Gennean Gillespie. In August 1995, Ms. Wilson died and payment ceased on the note and deed of trust. As a result, the note and deed of trust went into default and Defendant Westoak Realty mailed a letter to Ms. Wilson, Sandra Rhodes, and Gennean Gillespie on May 28, 1996, notifying them of foreclosure proceedings on the four parcels of property securing the note.

On June 19, 1996, Sandra Rhodes called the office of Westoak Realty seeking information about the note to avoid foreclosure, which Westoak refused to provide. On or about June 20, 1996, Plaintiffs mailed letters to Defendants Westoak Realty and Robert C. Jones requesting that the foreclosure be delayed and that Defendants provide information as to the amount of the debt. Defendants again refused to provide any information regarding the debt due to the fact that Plaintiffs were not debtors under the note and deed of trust. On or about June 24, 1996, after notice of the foreclosure proceedings, Plaintiff Gillespie conveyed her interest in Parcel 4 to Plaintiff Otis Beckum.

Plaintiffs then brought an action against Defendants to enjoin the foreclosure and for damages under Section 1692g of the Fair Debt Collection Practices Act. Plaintiffs later dismissed without prejudice Count I of their Petition, which sought an injunction against the foreclosure, and requested a jury trial on the remaining Count II for damages under the FDCPA. Defendants filed their Motion to Dismiss Count II for failure to state a claim upon which relief may be granted. The trial court granted the motion and dis-

missed Plaintiffs' claim, holding that Plaintiffs were not "consumers" and, thus, were not entitled to recover under Section 1692g of the FDCPA. In its order granting Defendants' Motion to Dismiss, the trial court, holding that Plaintiffs' petition could not be amended to correct the deficiency, refused to grant Plaintiffs leave to amend their petition.

### ANALYSIS

In their first point on appeal, Plaintiffs contend that the trial court erred in finding that Section 1692g of the FDCPA did not apply to them because they were not "consumers" as defined by the FDCPA. Plaintiffs argue that Section 1692g of the Act applies not only to consumers, but to anyone "standing in the shoes" of the consumer.

Whether Section 1692g of the FDCPA applies to a non-consumer is an issue of first impression in Missouri. The FDCPA grants concurrent jurisdiction in both federal and state courts for enforcement of its provisions. 15 U.S.C. 1692k(d) (1997). A thorough search of all federal and state case law revealed only one decision addressing the applicability of Section 1692g to non-consumers. In *West v. Costen,* 558 F.Supp. 564, 580 (D.C.Va.1983), a district court held that the mother of a debtor was not entitled to recover under Section 1692g because she was not a consumer under the FDCPA. The court stated: "[b]y its terms ... section 1692g(a) requires only that a debt collector send a *consumer* the written notice." *Id.*

In construing a statute, this court ascertains the intent of the legislature from the language used, considering the words in their plain and ordinary meaning. *State v. Moore,* 952 S.W.2d 812, 813 (Mo.App. E.D.1997).

Section 1692g(a) of the FDCPA provides as follows:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. 15 U.S.C. 1692g

The FDCPA defines "consumer" as "any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. 1692a(3).

■ Section 1692g of the FDCPA requires debt collectors to provide such information *only* to consumers. There is no evidence that Plaintiffs qualify as "consumers" under the definition set forth in the Act. By their own admission, Plaintiffs were not "obligated or allegedly obligated to pay any debt" to Defendants. Rather, the debt was between Defendants and Louise Wilson, or her estate. Since Plaintiffs were not obligated to pay any debt to Defendants, Plaintiffs were not "consumers" under the FDCPA and were not entitled to any information regarding the debt under that statute. Therefore, Plaintiffs had no standing to sue and the trial court properly dismissed their claim. Point denied.

In their second point on appeal, Plaintiffs contend that the trial court erred in dismissing their cause of action with prejudice. Plaintiffs maintain that, even if they did not state a claim upon which relief could be granted, "the dismissal should have been without prejudice granting plaintiffs leave to amend or re-file their petition to cure any

defects in the pleadings." Plaintiffs cite Missouri Supreme Court Rule 67.06 in support of their contention, which states as follows:

> On sustaining a motion to dismiss a claim, counterclaim or cross-claim, the court shall freely grant leave to amend and shall specify the time within which the amendment shall be made or amended pleading filed
> . . .

 Plaintiffs argue that Rule 67.06 mandates that the trial court grant leave to amend their petition. However, this court has interpreted the language of Rule 67.06, specifically the term "freely," to give the trial judge discretion to grant leave to amend or refuse it. *Saigh v. Busch,* 396 S.W.2d 9, 25 (Mo.App.1965). Whether a party will be allowed to amend its pleadings is primarily a matter within the sound discretion of the trial court, reviewable only for abuse. *Automotive Leasing Corp. v. Westerhold,* 945 S.W.2d 600, 602 (Mo.App. E.D.1997). There is no evidence that the trial court abused its discretion in refusing Plaintiffs leave to amend their petition. In addition, Plaintiffs have been unable to propound any theory of liability under the FDCPA that could form the basis of an amended petition. Point denied.

We affirm.

SIMON, P.J. and CRANE, J., concur.