**John D. LOCKHART, Plaintiff–Appellant,**

v.

**Santiago Y. HALLAZGO, Chris Kolom, Ericka Seiberlich, Defendants–Respondents.**

No. 73831.

Missouri Court of Appeals, Eastern District, Division Three.

Dec. 8, 1998.

John D. Lockhart, Farmington, pro se.

John J. Treu, Jefferson City, for respondent.

LAWRENCE E. MOONEY, Judge.

John D. Lockhart (Prisoner) filed a petition against Dr. Santiago Hallazgo, Ericka Seiberlich, and Chris Kolom (Correctional Medical Systems, Inc.((CMS)) Employees) seeking damages for their refusal to release his medical records and injunctive relief or-

dering the release of his medical records. The trial court dismissed Prisoner's claim and he appeals. We affirm.

■■■ If the trial court does not state its reasons for granting a motion to dismiss, this court will presume dismissal was based upon one of the grounds presented, and will affirm the dismissal if any ground can sustain the court's action. *Wenthe v. Willis Corroon Corp.*, 932 S.W.2d 791, 793–794 (Mo.App. E.D.1996). Although the precise grounds for dismissal are not articulated in the case at bar, Prisoner fails to state a claim upon which relief may be granted. We review the dismissal of a plaintiffs' petition for failure to state a claim upon which relief can be granted by assuming every fact pleaded in the petition to be true. *Leeser Trucking, Inc. v. Pac–A–Way, Inc.*, 914 S.W.2d 40, 42 (Mo. App. E.D.1996). A plaintiff is entitled to the benefit of every favorable inference which may reasonably come from the facts pleaded. *Id.*

The facts viewed in a light most favorable to Prisoner reveal the following. On November 11, 12, 17 and 29, 1995 Prisoner submitted written requests to CMS Employees for copies of his medical records. CMS Employees refused Prisoner's requests. On December 11, 1995 Prisoner filed *pro se* a petition seeking damages and injunctive relief. Prisoner alleged that Respondents Hallazgo and Seiberlich violated Section 191.227.1 RSMo 1994 [1] by wrongfully withholding his medical records and that such violation entitled Prisoner to both damages and injunctive relief. On January 14, 1997 Prisoner filed an amended petition adding Respondent Kolom. All three respondents are employees of Correction Medical Services, Inc., providing medical services and attendant record-keeping to the Department of Corrections under contract.

CMS Employees filed a Motion to Dismiss, arguing, in essence, Section 191.227.1 did not apply to prisoners and, therefore, Prisoner had failed to state a claim upon which relief may be granted. On August 25, 1997 the trial court granted CMS Employees' Motion

to Dismiss and entered judgment dismissing Prisoner's amended petition.

On appeal, Prisoner contends that the trial court erred in dismissing his claim because he "stated a viable claim under Section 191.227 RSMo., and Section 217.075 RSMo. is not applicable."

■ Both sections 191.227 and 217.075 address a physician's duty to provide medical records to a patient. However, section 191.227 *generally* requires health care providers to provide a patient's medical records upon the patient's written request; whereas section 217.075 *specifically* addresses the Department of Correction's duty to provide such records to inmates. Section 217.075 states as follows:

1. All offender records compiled, obtained, prepared or maintained by the department or its divisions shall be designated public records within the meaning of chapter 610, RSMo, except:

(1) Any information, report, record or other document pertaining to an offender's personal medical history, which shall be a closed record;

\* \* \*

2. The court of jurisdiction, or the department, may at their discretion permit the inspection of the department reports or parts of such reports by the offender, whenever the court or department determines that such inspection is in the best interest of the offender.

■■■ When the same subject matter is addressed in general terms in one statute and in specific terms in another, the more specific controls over the more general. *Greenbriar Hills Country Club v. Director of Revenue*, 935 S.W.2d 36 (Mo. banc 1996).

Section 217.075 clearly applies to prisoners as a separate and distinct class and modifies any general statute to the contrary, including Section 191.227. The fact that CMS is a contract provider does not alter our conclusion that the records are those of the Department of Corrections.

In the case at bar, it is uncontested that Appellant is a prisoner and, therefore, sec-

1. All statutory references are to RSMo 1994.

tion 217.075 controls. Prisoner had no standing to sue under Section 191.227 and the trial court properly dismissed his claim.

We affirm.[2]

SIMON, P.J. and CRANE, J., concur.

2. Respondents had filed a motion to dismiss appeal or in the alternative to strike appellant's brief for failure to comply with the requirements of Rule 84.04. The motion was ordered taken with the case. In light of our disposition, respondents' motion is denied as moot.