**PJ's CONCRETE CONSTRUCTION, INC., Plaintiff–Respondent,**

v.

**David W. GUST, Sr., and Ruth A. Gust, Defendants–Appellants.**

No. 22040.

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 25, 1999.

W. Steven Rives, Lake Ozark, for Plaintiff–Respondent.

Ronald K. Carpenter, Phillips, McElyea, Walker & Carpenter, P.C., Camdenton, for Defendants–Appellant.

MONTGOMERY, Judge.

David W. Gust, Sr., and Ruth A. Gust (Appellants) appeal a judgment awarding $15,755.04 and costs to PJ's Concrete Construction, Inc. (Respondent). Appellants claim the trial court erred in failing to enter either a directed verdict or a judgment notwithstanding the verdict (JNOV) in their favor.

Appellants contracted with Wiley Construction, Inc. (Wiley), a general contractor, to remodel their home in Lake Ozark, Missouri. Wiley then contacted Respondent, a concrete company, and subcontracted with Respondent to pour concrete for the remodeling job. Respondent furnished work, labor, and materials at Appellants' home between July and August of 1995.

After Respondent finished its work at Appellants' home, it sent two invoices to Wiley requesting payment for the work, labor, and materials furnished for the job. The first invoice showed a balance due of $9,358.47, and the second showed a balance due of $6,735.65. Wiley failed to fully pay Respondent.

Respondent subsequently filed a four-count "Petition for Damages" against Appellants seeking payment for the work done to their home. Although vaguely worded, Respondent's petition essentially asks for damages based upon breach of contract (Count I), quantum meruit (Count II), breach of implied contract (Count III), and action on an account stated (Count IV).

A jury trial commenced on June 3, 1997. Appellant David Gust testified that he contracted with Wiley for the construction on his home, that he never entered into a contractual agreement with Respondent, and that he had paid Wiley for the work done to his home.

Paul Westhusing, Respondent corporation's president, testified that he subcontracted with Wiley for the work done to Appellants' home. Westhusing testified that all payment invoices were sent to Wiley and that

Respondent had received some payment for the job from Wiley.

At the close of Respondent's evidence, Appellants offered a motion for directed verdict. The trial court sustained the motion as to Respondent's quantum meruit claim in Count II, but overruled the motion as to Counts I, III, and IV. Appellants renewed their motion for a directed verdict at the close of all evidence. The trial court denied the motion.

The jury returned a verdict in Respondent's favor based upon action on account stated in the amount of $26,500. Appellants filed a "Motion for Judgment Notwithstanding the Verdict and in the alternative, Motion for New Trial." The trial court denied this motion. On November 10, 1997, the trial court entered judgment in accordance with the jury verdict but reduced the award to $15,755.04 and costs. This two-point appeal followed.

In their second point, Appellants claim the trial court erred in failing to grant their motion for JNOV because the jury's verdict was against the weight of the evidence. We only address this point because it is meritorious and dispositive of this appeal.

■ In reviewing the denial of a motion for JNOV by the trial court, we view the evidence in the light most favorable to the plaintiff, give plaintiff all reasonable beneficial inferences from that evidence, and ignore all evidence and inferences which contradict plaintiff's claim. *Resnik v. Blue Cross and Blue Shield of Missouri*, 912 S.W.2d 567, 570 (Mo.App.1995). " 'We will not overturn a jury verdict unless there is a complete absence of probative facts to support it.' " *Id.* (quoting *Dildine v. Frichtel*, 890 S.W.2d 683, 685 (Mo.App.1994)).

■ However, a JNOV motion should be granted where the plaintiff failed to make a submissible case. *CIT Group/Equip. Fin., Inc. v. Integrated Fin. Services, Inc.*, 910 S.W.2d 722, 729 (Mo.App.1995). "To make a submissible case, substantial evidence is required for every fact essential to liability." *Steward v. Goetz*, 945 S.W.2d 520, 528 (Mo. App.1997).

■ The jury returned its verdict in favor of Respondent on the theory of an account stated. "An account stated is an agreement between parties, having had previous financial transactions, that a balance struck is correct and due between them, and an express or implied promise by the debtor to pay." *Honigmann v. C & L Restaurant Corp.*, 962 S.W.2d 458, 459 (Mo.App.1998). " 'It is a new cause of action arising from the prior monetary transactions, and amounts to an admission of liability by the debtor.' " *Rice's Feed Serv., Inc. v. Dodson*, 904 S.W.2d 475, 477 (Mo.App.1995) (quoting *Ozark Mountain Timber Products v. Redus*, 725 S.W.2d 640, 648 (Mo.App.1987)).

■ When viewing the evidence in the light most favorable to Respondent, we find insufficient evidence in the record to support the jury's verdict on the basis of an account-stated. The parties had no prior monetary transactions. They never agreed upon a correct balance due between them, and Appellants never made any type of promise to pay Respondent.

No substantial evidence supports the submission of the case to the jury on an account stated theory. If a plaintiff fails to make a submissible case, the verdict must be reversed and the cause remanded for entry of a JNOV. *See Steward*, 945 S.W.2d at 528.

Accordingly, we reverse the jury verdict in favor of Respondent and remand the case to the trial court with instructions to enter a judgment notwithstanding the verdict in favor of Appellants.

GARRISON, C.J., and BARNEY, J., concur.